Boles *v.* Cohen.

render judgment for treble damages. *Held,* that the application must be denied, as plaintiff has an adequate remedy by appeal; pending which, plaintiff can enforce so much of the judgment as awards restitution. The judgment can be corrected in this Court, if proper, by trebling the damages.

*Tuttle & Bullock,* for the Writ.

---

## BOLES *et al. v.* COHEN *et al.*

COMPLAINT in ejectment averring prior possession in plaintiff, entry and ouster by defendant, and that he is still in possession, sufficient.

Complaint in ejectment may be for two separate and distinct pieces of land; but the two causes of action must be separately stated, affect all the parties to the action, and not require different places of trial.

Superfluous matter in a complaint, when inserted by itself, should be struck out, or disregarded as surplusage.

APPEAL from the Ninth District.

The superfluous matter set up in the complaint relates to the sale on execution.

Boles *v.* Cohen.

The Court below gave final judgment for defendants on the demurrer.    Plaintiffs appeal.

*J. A. Fletcher,* for Appellants.

*Rosborough & Berry,* for Respondents.

1. The complaint does not show that plaintiffs had title, or prior possession ; nor that their grantor was seized or possessed of the premises or of the esplees and profits.    Mere allegations of ownership—"legal owners," and " legally entitled to the possession "— are insufficient. The facts must be stated, not mere conclusions of law.    (*Payne* v. *Treadwell,* 5 Cal. 310 ; *Dye* v. *Dye,* 11 Id. 163 ; 5 Saunders, 516 ; 12 How. Pr. R. 330 ; 4 Id. 202 ; 5 Id. 14 ; 10 Id. 233 ; Gould's Pl. —.)

The complaint qualifies defendants' possession, by stating that the property was sold on execution upon a judgment by confession.    The alleged irregularities in the sale cannot affect defendants' title.    (*Reynolds* v. *Harris,* 14 Cal. and authorities therein cited ; *Whitwell* v. *Barbier,* 7 Id. 54.)

The allegation of inconsistent and repugnant matters in a complaint as to material points, or of facts, in one part thereof, which go to defeat or discharge a good cause stated in another part, is equivalent to no allegation at all.

2. Several causes of action are improperly united ; the action being brought to recover the possession of several distinct and separate parcels of land, with damages in respect to each ; at common law, damages in ejectment are merely nominal, and the plaintiff was left to his action for the mesne profits.    (1 Chitty's Pl. 193.)    But our statute allows a full remedy for possession, and for damages ; hence the action should be restricted to one tract of land.    (1 Prac. Act, sec. 64.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action of ejectment.    The case went off in the Court below, upon a demurrer to the complaint.    The complaint contains much superfluous matter, but it distinctly alleges prior possession in the plaintiffs, and an entry and ouster by the defendants ; and that the defendants are still in possession of the property.    There can be no doubt of the sufficiency of these allegations.    (See *Yount* v. *Howell,* 14 Cal. 465 ; and *Boles* v. *Weifenback, ante.*)

One point in the demurrer is, that the action is brought to recover two separate and distinct pieces or parcels of land. This objection is fully answered by the provisions of the sixty-fourth section of the Practice Act. It is expressly provided that such causes of action may be united in the same complaint, when they affect all the parties to the action, and do not require different places of trial. When thus united, they must be separately stated. None of these provisions are violated in the present case.

The superfluous matter in the complaint is inserted by itself, and entirely independent of the averments upon which we think the plaintiffs entitled to recover. It was set up to meet a defense which it was supposed would be made to the action; and it may become very material as evidence in this case, but has no proper or legitimate connection with the complaint.

Judgment reversed, and cause remanded for further proceedings.