### Levi Scutt's Appeal from Probate.

Where two claims are presented by a creditor to the commissioners on an insolvent estate, and one is allowed and the other disallowed, an appeal taken to the Superior Court from the disallowance of the one does not carry up for review the allowance of the other. If no appeal is taken from the allowance of the claim allowed, by any party interested, it stands permanently allowed.

Where on an appeal from the disallowance of a claim the Superior Court made a finding of the facts, and upon the facts so found disallowed the claim, and on a motion in error the Supreme Court reversed the judgment of the Superior Court, and the case went back to that court for a correct judgment, it was held that the former finding of facts was not disturbed by the reversal of the judgment erroneously rendered upon it.

APPEAL. from the disallowance by commissioners on the estate of Joseph Olmstead, of a claim presented by the appellant; taken to the Superior Court in Fairfield County, and brought before this court by the appellant by a motion in error from the judgment of the Superior Court, (*Hitchcock,* *J.,*) and by the appellees by a motion for a new trial. The case is fully stated in the opinion.

*W. Cothren* and *J. Huntington,* for the appellant.

*W. B. Wooster* and *D. Torrance,* for the appellees.

PARDEE, J. The administrator upon the estate of Joseph

Olmstead, deceased, having represented it to be insolvent, the court of probate appointed commissioners to receive and decide upon the claims of creditors and report to that court a list of claims exhibited, specifying those allowed and those disallowed.

Levi Scutt, the appellant, presented to them in his own name two claims; one was in the form of a book account against the deceased, amounting to $638.77, for boarding him and keeping his horse; the other assumed this form in presentation:

"Estate of Joseph Olmstead to Levi Scutt, Dr.—1860. To a conveyance of my homestead by legal steps to my wife Laura, who was the daughter of said Olmstead, and for whom he wished to provide a home in her own name, $1,000."

He subsequently amended the statement of his claim as follows:

"March 23d, 1858. To agreement to transfer one thousand dollars worth of bank stock to Laura Scutt, in consideration and in lieu of a previous promise to build a house for claimant worth one thousand dollars, on land deeded by claimant to Joseph Olmstead, and by him deeded to said Laura Scutt, wife of claimant, the last named contract not having been fulfilled by said Olmstead, the said deeds being dated July 11, 1855, and the said Olmstead having never transferred said stock or otherwise paid for the same."

The first claim was allowed; the second was rejected. From the action of the commissioners in rejecting this claim Scutt appealed to the Superior Court, which court in March, 1875, heard the cause and confirmed the action of the commissioners in disallowing the claim for $1,000 and interest, for the reason that he had not such a personal interest in it as would authorize him either to present it in the first instance or take the appeal in his own name. Thereupon he filed a motion in error, upon which the Supreme Court in October, 1875, determined that there was error in the judgment complained of; that the claim was valid; and that Scutt had sufficient personal interest in it to warrant the presentation and appeal in his own name. After legal continuances the

appeal came to the Superior Court in February, 1877; and at that time that court took cognizance of the two claims originally presented by Scutt to the commissioners and adjudged that the claim for $638.77 was not proven and disallowed it; and that the claim for $1,000 principal and $159.69 interest was proven and allowed it. Upon this hearing Scutt, for the purpose of establishing the validity of this last claim, offered written and oral evidence; a portion of the written evidence thus offered was the finding of facts made by the Superior Court in 1875, and which became a part of the record in the cause in the Supreme Court; this he offered in connection with the opinion of the last named court, insisting that the appellees were thereby estopped from again controverting the facts concerning the claim for $1,000. The administrator objected to the admission of the finding, but the court received it and allowed the claim for $1,000 and interest; whereupon he filed a motion for a new trial. Scutt insists also that there is error in this judgment of the Superior Court in that he was entitled to a judgment for both claims and interest; and in that the court refused to consider the finding of facts made in 1875 conclusive as to the validity of his first claim for $638.77; and has filed a motion in error.

He originally presented two claims distinct in origin and character, neither depending upon or having any reference to the other; one was allowed, the other was rejected by the commissioners; their conclusion in reference to the first claim was accepted by all parties interested in the estate; Scutt, being aggrieved by the rejection of his claim for $1,000, appealed to the Superior Court; the sole question brought by the appeal before that court was the validity of this last claim; he complained only of the disallowance of that, and no one else complained of anything. The opening sentence in the finding made in 1875 is as follows:—"Upon the trial of the above entitled cause the appellant presented a claim for allowance by the court against the estate of Joseph Olmstead, deceased, for the sum of $1,000, with interest to be added from the 23d day of March, 1858;" and throughout the whole of it there is no allusion to the other claim; fur-

nishing indisputable proof that the court did not regard the first claim as being before it for adjudication, and that it did not enter as an element into the judgment.

When two claims are presented so far distinct from and independent of each other that allowance or disallowance of one can have no possible effect upon the disposition to be made of the other, the claimant can take an appeal from the action of the commissioners in rejecting one, and can so restrain the scope and effect of the appeal by specific limitations in its form and in the reasons for taking it, as that it shall only bring up for review their action so far as it is objected to, and leave undisturbed such of their acts as all parties accept, affecting these last only in that it delays the settlement of the estate until it is itself disposed of. In law and in fact the appeal brought within the jurisdiction of the Superior Court in 1875 the claim for $1,000 and interest, and that alone; concerning that only did the court hear testimony and find facts; to these last it made an erroneous application of legal principles and rendered judgment for the administrator; the motion in error brought the record, of which the finding had been made a part, before the Supreme Court, and that court advised the Superior Court of the error in its judgment, pointing it out definitely, and ordering a correction by reversal. There being no motion by either party for a new trial it is to be assumed that no error intervened in the taking of testimony, and that no reason exists for a repetition of that labor. It was then the duty of the Superior Court, without further hearing upon the facts, to correct the error thus pointed out, and render a judgment for Scutt upon his claim for $1,000 with interest; and in the omission so to do there was error. And there was additional error in assuming the right to review and reverse the action of the commissioners in allowing the claim for $638.77; that action was concluded in 1872, and remained thereafter unappealed from, and was not within the jurisdiction of the Superior Court in 1877.

And, even if this were not so, the complaint of the appellee that the Superior Court in 1877 erred in receiving as evidence the finding of facts made by the same court in 1875 concern-

ing the claim for $1,000, is not well founded. Upon that finding the court in 1875 rendered a judgment against the appellant. There was no claim that the finding was made upon improper evidence; there was no motion for a new trial; but there was a motion in error. This court finding error simply ordered a reversal of the judgment, not a new trial of the case. Therefore, as between these parties that finding of facts must stand undisturbed, and the court will not enter upon a re-hearing.

Upon the matter of interest, Scutt now insists that upon the finding made in 1877 the law gives him interest upon the sum of $1,000 from 1858, the date of the promise made by the deceased; but the record discloses that in 1872 his statement of his claim for interest was limited to the sum of $159.69, computed doubtless from the date of the death of his wife, which occurred in March, 1869; and this we accept as an admission that the interest account had been adjusted up to that time.

We advise the Superior Court that there is manifest error in the judgment complained of; that so much of it as reverses the action of the commissioners in allowing the appellant's claim for $638.77 and interest should be annulled; and that so much of it as establishes his claim for $1,000 and interest is to stand, the interest to be computed from March, 1869; also that the appellees are not entitled to a new trial upon the facts concerning the last mentioned claim.

In this opinion the other judges concurred.