## Mœrchen vs. Stoll, Adm'r.

*January 7 — February 3, 1880.*

ESTATES OF DECEDENTS.  *Appeals from decisions on claims.*

Plaintiff presented to the commissioners appointed to adjust demands against an estate, a claim for money loaned to the decedent, and also one for labor done for him; and the commissioners allowed a certain sum for money so loaned, but wholly disallowed the claim for labor; and thereupon the administrator of the estate appealed from the former allowance, but plaintiff did not appeal from the disallowance of his claim for labor.  *Held*, that the only question which the circuit court could adjudicate was the amount due plaintiff as for money loaned; although testimony as to both claims was taken before a referee, without objection.

APPEAL from the Circuit Court for *Manitowoc* County.

Plaintiff appealed from a judgment of the circuit court disallowing his claim against the estate of defendant's intestate, for labor performed for the deceased.  The case is stated in the opinion.

For the appellant, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

For the respondent, there was a brief by *Nash & Schmitz*, and oral argument by *Mr. Nash*.

COLE, J.  The plaintiff, as creditor of the estate of Ambrose Oschwald, presented a claim to the commissioners appointed under the statute to examine and adjust all demands against the deceased, for money which he had let the deceased have, and also for work and labor which he had rendered the deceased.  The commissioners allowed the plaintiff $1,028 for money which he had loaned the deceased, and wholly disallowed the claim for work and labor.  The administrator appealed from the decision of the commissioners allowing the money claim.  The plaintiff took no appeal from their decision disallowing his other claim, for services.  The cause proceeded to a hearing in the circuit court upon the issues therein

made and upon testimony taken before a referee, by consent, the same as though both parties had appealed from the decision of the commissioners; or rather, no objection was taken that the claimant had not appealed; and that court ruled that the plaintiff was not entitled to receive compensation for his services rendered the deceased, but was entitled to recover the money which he had loaned him, and affirmed the decision of the commissioners upon both claims. This appeal is from so much of the judgment of the circuit court as disallows the plaintiff's claim for labor and services rendered the deceased.

It seems to us the circuit court was wrong in assuming, as it seems to have done, that the disallowed claim of the plaintiff was removed to that court by the appeal of the administrator, and in considering that claim at all. The claims of the plaintiff presented to the commissioners were wholly distinct and independent in their nature, in no sense forming one contract. One might properly be considered, allowed or disallowed in part or in whole, without reference to the other claim. If, for instance, the commissioners had allowed less on the money demand than the plaintiff claimed was due him, perhaps an appeal by the administrator from what was allowed would bring to the consideration of the circuit court the merits of that entire demand, so that the allowance of the commissioners could be increased if the testimony showed that it ought to be. But we do not see upon what principle it could be claimed that the appeal which was taken had the effect to bring up a totally separate and distinct claim, which had been disallowed, and from which disallowance no appeal had been taken.

The statute gives a creditor the right to appeal from the decision and report of the commissioners to the circuit court of the same county, if application for such appeal is made in writing, and filed in the office of the county judge within sixty days after the return of the report, upon executing a bond to the adverse party, with sufficient sureties, to be ap-

proved by the judge, and conditioned as prescribed in sections 20, 21, ch. 101, Tay. Stats., in a case where the commissioners disallow a claim in favor of such creditor, in whole or in part, to the amount of $20. Section 22. The statute then provides what the appealing party shall do to bring his appeal to a hearing in the circuit court. Among other things, he must procure and file in the circuit court, at or before the next term of such court after the appeal is allowed, "a certified copy of the record of the allowance or disallowance appealed from," etc. Section 24. When such certified copy is filed in the circuit court, such court proceeds to the trial and determination of the same, according to the rules of law, allowing a trial by jury of all questions of fact in cases where such trial may be proper. Section 25. But where a party fails to appeal from the disallowance of his claim by the commissioners, or neglects to prosecute his appeal to effect when taken, the decision of the commissioners is conclusive as to his rights. For it is the manifest intent and policy of the statute, that the party aggrieved by a decision of the commissioners should himself appeal, give the requisite security, and procure the necessary record for the action of the circuit court on the appeal. Surely this ought to be the case where a creditor presents a claim against an estate, consisting of different and wholly independent items or charges, some of which may be allowed and some disallowed by the commissioners.

To assume or suppose that, by the appeal of an administrator or executor from the decision allowing some items of the claim or account, the disallowed items were removed to the circuit court for review and examination, is an inference unwarranted by the statute. Here the administrator did not object to the decision of the commissioners disallowing the claim for labor and services, but acquiesced in it. There never was an appeal from such disallowance taken by any one; and it therefore was not before the circuit court for examination. Consequently, holding as we do that the plaintiff's

claim for labor and services rendered the deceased was not, under the circumstances, before the circuit court for trial and determination, we affirm the judgment, without going into the question of the justice or merits of that claim, as if the plaintiff himself had taken an appeal from the decision of the commissioners.

*By the Court.* — The judgment of the circuit court is affirmed.