Modesta Concepción Cosme, etc., et al., Plaintiffs and Appellants, v. Rufino Márquez, etc., et al., Defendants and Appellees.

No. 6972. Argued March 27, 1936.—Decided April 14, 1936.

*A. Casanova Prats* for appellants. *A. R. Barceló, Jr.,* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Certain minor heirs, hereinafter referred to as plaintiffs, brought an action for the nullity of a summary foreclosure proceeding and for other relief. The complaint set forth three causes of action. Defendants filed a cross-complaint. The district court, after a trial on the merits, dismissed the first and third causes of action and rendered judgment for plaintiffs on the second cause of action. It also rendered judgment in favor of cross-complainants on their cross-complaint. The judgment for plaintiffs, based on their second cause of action, decreed the summary foreclosure proceeding, including a marshal's deed executed in the course thereof, to be null and void. The judgment in favor of cross-complainants was a money judgment for $8,000, amount of the mortgage loan, $533.28, interest to May 19, 1933, date of the foreclosure sale, and $1,064.25 to cover repairs made on the mortgaged premises, amounting to a total of $9,597.53. It also revived the mortgage lien as security for this amount. It further provided that plaintiffs as cross-defendants might retain out of this $9,597.53, the sum of $2,200 for the purpose of paying another mortgage on the same property. Cross-complainants had executed this mortgage in order to secure the payment of money borrowed by them on coming into possession of the property under the void marshal's deed after the foreclosure sale.

The judgment of dismissal, the judgment in favor of plaintiffs sustaining their second cause of action, and the judgment in favor of cross-complainants sustaining their cross complaint, were all embodied in one document entitled and

referred to therein by the district judge and signed by him as a "judgment." Whether the component parts of this composite "judgment" be called separate and independent judgments or separate and independent parts of a single judgment is not important. The question is whether certain pronouncements or certain groups of pronouncements are in fact interdependent or separate and independent.

Section 296 of the Code of Civil Procedure (1933 ed.) reads as follows (italics ours):

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, *or some specific part thereof,* and serving a similar notice on the adverse party, or his attorney."

Plaintiffs appealed: from that part of the judgment which dismissed the first and third causes of action set forth in their complaint; from that part of the judgment which sustained the cross complaint, condemned plaintiffs as cross-defendants to pay cross-complainants $9,597.53 and decreed the mortgage given as security for a part of such amount to be a preferred lien on the property described in the complaint; from as much of the judgment as failed to adjudge that defendants should pay interest on $2,200; from as much of the judgment as failed to adjudge that defendants should pay the costs. Defendants did not appeal from any part of the judgment. After expiration of the time within which defendants might have appealed, plaintiffs moved for a writ of possession. The present appeal is from an order refusing the writ.

The district court held: that the judgment imposed reciprocal obligations upon the parties; that the obligation on the part of defendants to restore the mortgaged property to the possession of plaintiffs was subordinate to the obligation on the part of plaintiffs to pay the amounts specified in the judgment; that, plaintiffs having appealed from that part of the judgment which imposed an obligation upon them, defendants could not be compelled to deliver possession of the prop-

erty in question; that the appeal had suspended all further proceedings in the district court. In support of this view the district judge cited: section 1260 of the Civil Code (1930 ed.); section 297 of the Code of Civil Procedure; *Fernández* v. *People,* 15 P.R.R. 605; *Buxó* v. *Buxó,* 18 P.R.R. 188, and *Rivera* v. *Martínez,* 27 P.R.R. 439.

 Section 1260 of the Civil Code (1930 ed.) is a part of the chapter which treats of the "Nullity of Contracts." It provides that:

"While one of the contracting parties does not return that which he is obliged to deliver by virtue of the declaration of nullity, the other cannot be compelled to fulfill, on his part, what is incumbent on him."

Plaintiffs herein were not "by virtue of the declaration of nullity" obliged to deliver anything to defendants. Even if the declaration of nullity, without more, should be regarded as a revival of the mortgage obligation, or if that obligation should be deemed never to have been extinguished, it would not follow that plaintiffs were under any obligation to pay the amount of the mortgage debt as a condition precedent to immediate restoration of the possession of the mortgaged premises.

In *Oliver* v. *Oliver,* 23 P.R.R. 168, 175, cited by appellee, this court conceded, for the purposes of the opinion only, "appellee's first proposition that 'a judicial sale is a contract.'" That case is not authority for the contention that a void marshal's deed, executed as the final step in a void summary foreclosure proceeding, is a contract. Even if the marshal's deed in the instant case were a contract, plaintiffs would not have been obliged, either by virtue of the declaration of its nullity or by virtue of the judicial declaration as to the nullity of the entire summary foreclosure proceeding, to pay the purchasers at the void foreclosure sale the amount of their mortgage, or any other amount, in anticipation of another foreclosure proceeding or of an action for the recovery of money.

768

The effect of that judicial declaration was to put the parties in the same position as they had been prior to the institution of the summary proceeding. *Muñoz* v. *Solá*, 48 P.R.R. 769. Plaintiffs remained the owners of the land and were entitled to the immediate possession thereof, subject only to the lien of the mortgage, which had been revived by the judgment in favor of cross-complainants on their cross complaint. Defendants remained, as before, the owners of the mortgage with the privilege of foreclosure or of commencing an action for the recovery of the money owing to them without foreclosure. They had no right to retain possession of the land, and the money judgment obtained as a result of their counter claim gave them no such right. Plaintiffs were as much entitled to immediate possession of their property when the judgment of nullity became final (on expiration of the period within which defendants might have appealed therefrom) as they would have been if cross-complainants had never filed any cross complaint or had never obtained any judgment thereon. Defendants' obligation to deliver possession of the land and plaintiffs' obligation to pay the money judgment were not "reciprocal" in any sense that would make payment of the money judgment by plaintiffs a condition precedent to possession by them. If there had been no appeal, plaintiffs would have been entitled to immediate possession pending execution of the money judgment. A money judgment does not confer upon the judgment creditor the right to immediate possession of the judgment debtor's property. It does not confer upon a judgment creditor in the unlawful possession of property belonging to the judgment debtor any right to retain such possession pending execution. This brings us to the question as to what effect plaintiffs' appeal may have had on this situation.

■ Section 297 of the Code of Civil Procedure (1933 ed.) says that—

"Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from,

or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from.''

This section should be construed in connection with the section immediately preceding it already quoted, and in the right of adjudicated cases as to the effect of an appeal from a specific part of a judgment when such part and some other part of the judgment are not interdependent but clearly separate, distinct and independent. So construed ''the judg-ment appealed from'' referred to in section 297 may mean the whole of the judgment rendered by the district court when an appeal has been taken from that judgment as a whole, or, when the parts of that judgment are so interwoven and interdependent that it must be regarded as an entirety, not-withstanding a notice of appeal which specifies only a specific part thereof. On the other hand it may mean the specific part or parts of a divisible judgment rendered by the district court when the scope of the appeal is expressly limited by the notice of appeal to such part or parts and such part or parts are not interdependent but manifestly separate, distinct and independent. In such a case these separate, distinct and independent parts become in effect separate, distinct and independent judgments and when an appeal is taken from one of them it may be regarded as ''the judgment appealed from'' within the meaning of section 297 without doing any violence either to the spirit or to the letter of that section. The contrary view would be subversive of a well established rule. That rule has a double aspect. This double aspect has been frequently expressed in the form of a general rule and an exception thereto. As pointed out in a recent case, how-ever, the so-called exception has become as broad as the rule itself. Again the two aspects of the rule have been referred to as different branches of the same rule. The form and phraseology of the rule are not important. The question as to its operation and effect usually arises on a motion to dismiss an appeal, on the theory that an appellant who has

appealed from an indivisible judgment and has thereafter accepted some benefits therein or has obtained an execution as to a part of such judgment which is favorable to him has thereby forfeited or waived his right to appeal. The principle is the same although the result varies according to circumstances of the particular case. There is nothing so peculiar about the character of a cross complaint as to justify the assertion that in all cases wherein a judgment has been rendered in favor of plaintiffs on the one hand and in favor of cross-complainants on the other an appeal by plaintiffs from the judgment against them operates as a supersedeas with respect to the judgment in their favor. Cases may arise wherein the judgment for plaintiffs and the judgment for cross-complainants are of such a nature and so related that it would be improper or impossible under the provisions of section 297 to permit the execution of one of these judgments pending the decision of an appeal from the other. That is not this case. The doctrine of the cases cited by the district judge, when considered in connection with the facts in each case, is not in conflict with the uniform rule in other jurisdictions and does not militate against a reasonable construction of section 297 of the Code of Civil Procedure.

Both branches of the rule are stated in 3 Corpus Juris, pp. 685, 686, sec. 569, as follows:

". . . When all the provisions of the judgment are connected and dependent, a party cannot enforce a part of the judgment and appeal from part; but it is otherwise where the judgment is divisible and appeal from a part is not inconsistent with enforcement of the residue."

To the same effect is 2 R.C.L. pp. 61, 62, sec. 44.

In *Whalen* v. *Smith,* 163 Cal. 360, 362, the court said:

"There are doubtless cases of appeals from a part of a judgment where the part appealed from is so interwoven and connected with the remainder, or so dependent thereon, that the appeal from a part of it affects the other parts or involves a consideration of the whole, and is really an appeal from the whole, and if a reversal is ordered

it should extend to the entire judgment. The appellate court, in such cases, must have power to do that which justice requires and may extend its reversal as far as may be deemed necessary to accomplish that end. The code provides that a party may appeal from a specific part of a judgment. (Code of Civil Procedure, section 940.) Ordinarily such an appeal would leave the parts not appealed from unaffected, and it would logically follow that such unaffected parts must be deemed final, being a final judgment of the fact and rights which they determine. The decisions are to the effect that upon such an appeal where the parts not appealed from are not so intimately connected with the part appealed from that a reversal of that part would require a reconsideration of the whole case in the court below, the court upon such partial appeal can inquire only with respect to the portion appealed from. Thus, in *Early* v. *Mannix*, 15 Cal. 150, it was said that a plaintiff in forcible entry could appeal from an order denying his motion for treble damages and, in the meantime, enforce his judgment for restitution of the premises. In *Pacific Mutual L. I. Co.* v. *Fisher*, 106 Cal. 237 (39 Pac. 758), it was said that the supreme court is not at liberty to review a part of a judgment which is not appealed from. In *Estate of Burdick*, 112 Cal. 391 (44 Pac. 734), the court below made a decree, upon the executor's petition, settling his final account and making distribution of the estate. He appealed from all of the decree except the part thereof settling his final account. Upon the appeal he applied to review the order settling the final account, but the court refused to consider the question of its accuracy, saying: 'We must not interfere with it. To attempt to do so would be an arbitrary proceeding without authority.' In *Ricketson* v. *Richardson*, 26 Cal. 154, there were several defendants and one alone appealed. A reversal as to all of the defendants was asked. The error consisted of a defective service of summons and affected the appellant only. A reversal as to the other defendants was refused, the court saying that it was bound to presume that there was no error as to them since they had not taken any appeal. In *Kelsey* v. *Western*, 2 N. Y. 505, the court said: 'It is well settled that only that part of a decree which is appealed from is brought before the appellate court for review.' In *Bush* v. *Mitchell*, 28 Or. 29 (41 Pac. 155), the court, referring to an appeal from a part of a judgment quoted the following language from *Shook* v. *Colohan*, 12 Or. 243 (6 Pac. 503): 'The trial of the suit anew would be confined to a trial of the case affecting the part of the decree specified in the notice of appeal.' In that state the appellate court had power to try the suit anew. The following cases recognize and apply the

general principle that an appeal from a distinct and independent part of a judgment does not bring up the other parts for review in the appellate court, and that a reversal of the part appealed from does not affect the portions not dependent thereon, but that they will stand as final adjudications: *Ikerd* v. *Postlewhaite,* 34 La. Ann. 1235; *Nelson* v. *Hubbard,* 13 Ark. 253; *Suett's Appeal,* 46 Conn. 38; *Ervin* v. *Collier,* 3 Mont. 189; *Hess* v. *Winder,* 34 Cal. 270; *Sands* v. *Corwise,* 4 Johns. (N. Y.) 602, (4 Am. Dec. 305); *In re Davis,* 149 N. Y. 548, (44 N. E. 185); *Leavison* v. *Harris,* 14 S. W. (Ky.) 343; *Meadow etc. Co.* v. *Dodds,* 6 Nev. 261; *Robertson* v. *Bullions,* 11 N. Y. 245; *Moerchen* v. *Stoll,* 48 Wis. 307, (4 N. W. 352)."

See also *First National Bank* v. *Wakefield,* 138 Cal. 561; *In re Youngerman's Estate,* 114 N. W. 7, 10; *Augustin* v. *Farnsworth,* 99 So. 868; *Kittredge* v. *Grau,* 103 So. 723; *Planters' Bank & Trust Co.* v. *Savant,* 134 So. 394; *Foster & Glassell Co.* v. *Harrison,* 138 So. 99; *Slaughter* v. *Texas Life Ins. Co.,* 211 S.W. 350; *McCown* v. *Nicks,* 284 S.W. 739; *People's Saving Bank & Trust Co.* v. *Howson,* 286 S.W. 865; *Luckel* v. *Barnsdall Oil Co.,* 74 S.W. (2d) 127 and *Luglan* v. *Lenning,* 239 S. W. 692.

Near the close of an additional brief filed some two weeks after the original, appellees comment on plaintiffs' appeal from the dismissal of their first and third causes of action, as follows:

"Moreover, we must take into account that the plaintiffs and appellants have appealed from that part of the judgment, in the action for nullity, dismissing their two causes of action, in one of which it was sought to avoid the loan contract secured by mortgage. It may be seen, therefore, that if this Hon. Court reverses the judgment of the lower court, it thereby avoids the loan contract secured by mortgage, and then the nullity of the foreclosure proceeding and of the public auction inevitably ensues. But the interpretation of the effects of the nullity must be based on the loan contract secured by mortgage, in which case there can be applied more clearly and specifically section 1260 imposing mutual obligations whereby the plaintiffs shall become bound to return to the defendants the amount of the loan, as they are now bound to return such amount as being the purchase price of the property, by virtue of the judicial sale deed.

"After considering the foregoing we do not think that this Hon. Court could be in a position to put the plaintiffs in possesison of the property the subject matter of this litigation without first passing upon the various questions involved in this appeal, or at least without first requiring the plaintiffs and appellants to pay to the defendants and appellees what is due him as an indispensable prerequisite."

This matter is not discussed by the district judge in his ruling on plaintiff's motion for a writ of possession nor by appellees in their original brief. The district judge did cite section 1260 of the Civil Code in disposing of plaintiff's motion. He did this, however, in a belated effort to establish some connection between the judgment in favor of plaintiffs as to the nullity of the foreclosure proceeding and the money judgment for cross-complainants on their cross complaint. The citation had no reference to or bearing upon any question of interdependence between plaintiffs' first and second causes of action.

It is true that if the mortgage was null and void the summary foreclosure proceeding was equally null and void. The question as to the validity of the mortgage itself, however, goes beyond any question as to the nullity of the foreclosure proceeding. It goes to the root of plaintiffs' money obligation and has no connection with the ground on which the mortgage foreclosure proceeding was adjudged to be null and void.

The theory of the first cause of action was that the appointment of a tutor was a nullity and that the tutor therefore had no power to execute the mortgage. The theory of the second cause of action was that the summary foreclosure proceeding was null and void for want of jurisdiction because the demand for payment had never been served on Modesta Concepción Cosme, mother and natural guardian of the minors, plaintiffs herein. The theory of the cross complaint, if we understand it, was that the tutor had paid a preexisting valid mortgage with the proceeds from the alleged void mortgage; that plaintiffs, who had received this and other ben-

efits, were estopped to assert the invalidity of the mortgage now in controversy and should be held liable for the amount thereof, notwithstanding its invalidity.

The close connection between the first cause of action and the cause of action set up in the counter-complaint is plain enough. If the demand for payment had been served on the mother and natural guardian of plaintiffs herein, they would have had no second cause of action. If, in such a case, the district court had decreed the nullity of the foreclosure proceeding because of the invalidity of the mortgage and had, at the same time, rendered a money judgment for cross-complainants, then there would have been more force in the argument that such judgments were interdependent and that plaintiffs should not be permitted to execute the judgment in their favor pending an appeal perfected by them from the money judgment in favor of cross-complainants. We need not speculate, however, as to what might have been the result in such a hypothetical case.

Even if the counter-complaint be regarded as a demand for the return of the purchase price of the property purchased by cross-complainants at a void foreclosure sale, the fact remains that plaintiffs herein received nothing in cash for the attempted conveyance of their property. The so-called purchase price was merely credited on the amount claimed by the mortgagees under their mortgage. After revival of the mortgage and restoration thereof to its original status as a preferred lien on the mortgaged property, nothing remained to be returned "by virtue of the declaration of nullity." This seems to have been the understanding of the district judge at the time of rendering judgment. In the course of his statement of the case and opinion he said (italics ours):

"All the sums paid by Francisco Font Manzano out of the $8,000 of the loan together with the sum of $263.96 which seemed also to belong to the minors from another source, were necessary disbursements and beneficial to the minors, save the $100 paid to José Nieves.

Prieto as a commission for securing the mortgage money, because such service ought to have been rendered by the guardian and administrator privately. However, as the sums paid exceed the $8,000 even after deduction is made of the amount paid as a commission the amount to be returned in the present case must be limited to the said $8,000 plus the interest accrued up to the foreclosure. In the mortgage foreclosure proceeding brought by Avelino Pérez Alvarez the execution creditor was awarded the sum of $6,342.11 as principal, the interest accrued and insurance premium, plus $125 as fees of Attorney J. Pedro Miranda. These fees resulted from the proceeding which the execution debtors were bound to pay. It appears from the evidence that Attorney Antonio R. Barceló, Jr., represented Francisco Font Manzano in the proceeding for judicial authorization and before whom were executed the deeds of cancellation of the former mortgage and constitution of the new one, that is, the $8,000 loan, and the sum disbursed for fees does not seem excessive. nor is it impugned on that score. The disbursement was necessary, as the loan could not have been made nor the debts paid without authorization from the court and execution of the deeds. The amount paid to Demetrio Latoni Pecunia as interest is another necessary disbursement of the administration. The total amount paid by the guardian for back taxes of the plaintiff minors was $1,266.35, including therein $679.81 corresponding to the house at 49 Rafael Cordero Street for the years 1931–32 and 1932–33, in which the sum of $45.21 was collected as additional taxes. The plaintiffs maintain that they ought not to pay the additional taxes, because it is not a necessary disbursement. The plaintiffs owed the taxes and if the latter could not be paid at the proper time for lack of funds or for any other cause, as they are liable for the payment it was they who profited thereby. On the other hand, this is not an action against Francisco Font Manzano for the recovery of moneys improperly paid by him as the guardian and administrator of the plaintiffs who clearly appear to have enriched themselves by the $8,000 loan that was disbursed and which they should return with interest thereon up to the foreclosure. *The defendants claim $9,000 which was the purchase price of the property, but they are only entitled to the $8,000 from the loan and $533.28 as interest due up to the foreclosure. Nothing can be charged for costs, expenses, or fees of the attorney in the foreclosure proceeding,* nor interest from that date *because they acquired the property wrongfully* and have been profiting thereby. *Pontón v. Succrs. of Huertas,* 46 P.R.R. 763.''

There may be some room for argument as to whether an action to establish the nullity of a summary foreclosure proceeding for want of jurisdiction is an equitable action or as to whether payment in full of the amount claimed by the mortgagee is a condition precedent to the granting of relief in such an action. Perhaps it can be shown that some principle of law or some rule of equity requires the payment of a money judgment, obtained by defendants as cross-complainants in such an action, as a condition precedent to the granting of a motion by plaintiffs for a writ of possession under a judgment establishing the nullity of the summary proceeding, notwithstanding the absence of any provision in the judgment to that effect and notwithstanding the absence of any specific prayer by cross-complainants for such relief. The soundness of these suggestions is not self-evident. We shall not undertake at this time an independent investigation as to their merits. The judgment was rendered October 11, 1934. Plaintiffs moved for a writ of possession November 20, 1934. Their motion was denied January 10, 1935. The case was submitted on appeal in May of that year. A rehearing was had March 27, 1936. A final decision of the question should not be further postponed.

If this court should reverse the action of the district court in dismissing plaintiffs' first cause of action and should hold the mortgage itself to be void, that holding would not affect in any way the final judgment in favor of plaintiffs on their second cause of action. It might follow, as suggested by appellees, that the summary foreclosure proceeding would be an absolute nullity. That question when reached (if it should be reached) in this court would be academic. If, however, this court should decide that the summary foreclosure proceeding was absolutely null and void, that decision would not affect in any way the judgment in the district court in favor of plaintiffs on their second cause of action. The summary foreclosure proceeding is already absolutely null and void by virtue of that final judgment. It cannot be made

by any judgment of this court more null and void than it is already. Each of the first two causes of action was a separate and independent ground for specific relief. The judgment for plaintiffs, on their second cause of action, was a separate and independent judgment not connected with the judgment of dismissal in any way that could justify this court in holding that the two were in substance and effect a single judgment and as such an entirety. We need not unduly extend this opinion by a separate discussion of the relationship between the third and the other causes of action because appellees apparently do not rely on any such relationship.

Plaintiffs' prayer for relief was as broad as the ground covered by their three separate and distinct causes of action. It was in substance for a judgment: establishing the nullity of the appointment of the tutor who executed the mortgage; establishing the nullity of the mortgage executed by that tutor; establishing the nullity of the summary proceeding for the foreclosure of that mortgage, the nullity of the judicial sale made in the course of that proceeding, the nullity of the marshal's deed executed as the result of such sale and the nullity of the inscription of such deed in the registry of property; adjudging defendants to be indebted to plaintiffs in the sum of $906 as rent or rental value of the mortgaged premises during a certain period and in addition thereto such further rent as might accrue pending a final determination of the action as well as the further sum of $2,200, principal with interest accruing during the pendency of the action (the same being principal and interest on the mortgage executed by defendants while in possession of plaintiffs' property under the marshal's deed); putting plaintiffs in possession of the property described in their complaint and providing for such other relief as might be meet and proper under the facts set forth in the complaint.

The order appealed from must be reversed and in lieu thereof the order of this court will be entered to the effect

that plaintiffs be placed in possession of their property in accordance with the prayer of their complaint and as requested in the motion denied by the district court.

Mr. Justice Wolf and Mr. Justice Córdova Dávila dissented.

Mr. Justice Wolf, dissenting.

This was originally a complaint to annul a mortgage proceeding and for other purposes. The defendant filed a cross complaint. The complaint set up three causes of action, all looking to the annulment of the mortgage proceeding as this was the final prayer for relief. The District Court of San Juan denied two of the causes of action, sustained the third and held the cross complaint to be good. From everything decided against her the complainant, Modesta Concepción Cosme, as the natural guardian *(patria potestas)* of her minor children, appealed. The defendant, the original mortgage creditor, took no appeal.

A little while after taking this appeal the plaintiff came into court and moved for the execution of the judgment in so far as it was in its favor and, in effect, as the mortgage proceeding was null and void asked to be restored to the possession of the property. The judgment, however, considering the cross-complaint, had declared that the defendant should recover a certain amount by reason of the existence of the mortgage credit. The court held that the judgment was an entirety and not divisible, and more especially that the execution was prevented by reason of the appeal and hence made an order overruling the motion for execution. From the order overruling the motion for execution of the judgment the plaintiff appealed.

Section 297 of the Code of Civil Procedure provides:

"Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from."

The argument of the appellant is that she could be put into possession of the property without disturbing the other pronouncements of the judgment or the other claims made by her involved in her own appeal. Various cases from California are cited by appellant but the facts are different. On the other hand, the decisions of this court tend to show that in all cases an appeal suspends a judgment. *Rivera* v. *Martínez*, 27 P.R.R. 439; *Buxó et al.* v. *Buxó et al.*, 18 P.R.R. 188; and *Fernández* v. *People*, 15 P.R.R. 605.

The plaintiff herself appealed. She had the opportunity of being content with the judgment and ask for the restoration of the property if such restoration could be absolutely ordered.

The court held that the pronouncements of the judgment were interdependent but did not enter into a real discussion of why they were so interdependent.

Examining the judgment, I think that the relief granted to the plaintiff was not in terms dependent upon the relief granted the defendant. When a mortgage proceeding is declared null and void the plaintiff has a right to have the possession of the property restored to him. The court did not make the restoration dependent upon the payment of the mortgage. What I maintain is that the judgment is necessarily suspended by the plaintiff's own action and by our uniform decisions the appeal suspends the execution of the judgment. The English text differs from the Spanish text and the words "but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from" do not refer to anything comprehended in the judgment itself, but to matters that are not determined by the judgment. In any event, the first part of section 297, *supra*, is definite and decisive.

I have a few additional considerations apparently not touched upon by the court or the parties. The appeal taken by the plaintiff from the judgment necessarily prevented the defendant from executing that part of the judgment which

gave him a relief on his cross complaint, even though in the final analysis it was only a judgment for the recovery of money.

One need not spend a great amount of time in analyzing the judgment in favor of the defendant because I think it is evident that the executionability in favor of the defendant was definitely suspended by the appeal taken by plaintiff. The defendant, who also could have appealed but did not, would have his hands utterly tied during all the pendency of the appeal while the present appellant would be definitely in possession of the property to do with it what any other property owner might do. The effect of the appeal without a supersedeas then, would be that the appellee, the mortgage creditor, could take no steps to enforce his mortgage. The idea of the defendant in filing the cross complaint was to get some cross-relief and the very purpose of this pleading would thus be defeated. Naturally, the plaintiff had a right to be restored to possession and that right might have persisted if she herself had not, as it happens, tied up the execution of the judgment by the other side.

Therefore, I dissent.