Kusick, Respondent, vs. Kusick, Appellant.

*April 14—May 18, 1943.*

*Daniel H. Grady* of Portage, for the appellant.

For the respondent there was a brief by *Hall, Baker & Hall,* and oral argument by *Paul Griffith,* all of Madison.

BARLOW, J. The appeals in this case are confined to the amendment of the judgment in the circuit court for Dane county, Wisconsin, affecting the care and support of the minor children, and the allowance of attorneys' fees in this proceeding. These are the only questions before the court for consideration on this appeal. *Moerchen v. Stoll,* 48 Wis. 307, 4 N. W. 352; *Ledvina v. Ebert,* 237 Wis. 358, 296 N. W. 110.

It was stipulated in open court in the instant proceeding that the judgment in the prior action for divorce in Marquette county awarded the custody of the minor children to the plaintiff, and adjudged that the defendant pay to the plaintiff $25 a month for their support. That judgment for custody and support of the minor children, although the action was dismissed on the merits, was authorized under sec. 247.28, Stats. The circuit court for Marquette county properly assumed jurisdiction of the custody and support of these minor children. A proceeding to amend this judgment and provide

additional support for the minor children could have been properly instituted and granted, if the facts warranted it, at any time prior to the entry of the judgment in the circuit court for Dane county. The circuit court for Marquette county had power to enforce its judgment.

"Application to change or vacate a judgment should be made in the action in which it was entered and to the court that rendered it." *Wescott v. Catencamp,* 190 Wis. 520, ·209 N. W. 691.

A stipulation of the parties could not confer jurisdiction on the circuit court for Dane county, where power to act is involved. *Welhouse v. Industrial Comm.* 214 Wis. 163, 252 N. W. 717; 21 C. J. S. p. 127, sec. 85. The circuit court for Dane county could not properly assume jurisdiction of the custody and support of the minor children in this action. The effect of the amended judgment herein, if upheld by this court, would nullify the Marquette county judgment providing for the support of these minor children, and interfere with the exclusive power of that court to enforce its judgment and modify it as the condition of the parties or the needs of the children might require. Such interference by one circuit court with the judgment and exercise of power by another circuit court cannot be approved.

"On principle, a court of concurrent jurisdiction should not take jurisdiction of a matter which is properly involved in a proceeding then pending in another court which is competent to render adequate relief in the premises." *Cawker v. Dreutzer,* 197 Wis. 98, 221 N. W. 401; 21 C. J. S. p. 745, sec. 492.

There is no contention that the circuit court for Marquette county is not competent to render adequate relief on the subject matter of this appeal. It is a court of concurrent jurisdiction; it has assumed and retained jurisdiction over the welfare of these minor children from the time the divorce action was

started in 1936 up to the present time. This rule rests on public policy, and prevents multiplicity of actions involving the same statement of facts.

It necessarily follows that the allowance of attorneys' fees and charging the specific real estate with a lien for the payment of support money must fall.

*By the Court.*—Order amending judgment is reversed, and amended judgment is modified accordingly. Subsequent order allowing additional attorneys' fees is reversed. No costs or disbursements allowed on this appeal, but respondent to pay clerk's fees.

FRITZ, J., dissents.