FRED A. RISSER, Chairman Senate Committee on Organization
The Senate Committee on Organization has requested my opinion on two questions relating to ch. 105, Laws of 1977 (hereinafter Divorce Reform Act). First, is the wage assignment provision under sec. 247.265, Stats., mandatory or directory? Second, has sec. 247.02 (1)(i), Stats., changed the Kusick Rule? Kusick v.Kusick, 243 Wis. 135, 9 N.W.2d 607 (1943). *Page 107 
In Scanlon v. Menasha, 16 Wis.2d 437, 443, 114 N.W.2d 791
(1962), the Wisconsin Supreme Court stated:
 Generally, the word "may" is permissive when used in the statute, [footnote omitted] and this is especially true where the word "shall" appears in close juxtaposition in other parts of the same statute. [citation omitted] The general rule is that the word "shall" is presumed mandatory when it appears in a statute.
Prior to the Divorce Reform Act sec. 247.265, Stats., read in part:
 At any time after judgment in any action affecting marriage . . . the court may make an order directing the parent to assign such salary or wages . . . as will be sufficient to pay the allowance, as adjudged by the court, for his or her spouse or for the support, maintenance and education of the minor children of the parties or both.
Section 247.265, Stats., now reads in part:
 Each order for child support . . . family support . . . support by a spouse . . . or for maintenance payments . . . shall include an order directing the payer to assign such salary . . . as will be sufficient to meet the maintenance payments, child support payments or family support payments imposed by the court for the support of the spouse or minor children or both.
Applying the general rule of Scanlon v. Menasha, supra, the wage assignment provisions of sec. 247.265, Stats., must be presumed to be mandatory.
Certain exceptions to the general rule provide that "shall" may be construed as permissive where it appears that this was the legislative intent, or where such a construction is necessary to uphold the statute on constitutional grounds. 73 Am. Jur. 2dStatutes sec. 25. I have found nothing in this bill's legislative history that would indicate the Legislature intended the wage assignment provisions of sec. 247.265, Stats., to be directory. It is my opinion that the Legislature, through actions repealing the discretionary language of the earlier sec. 247.265, Stats., and reenacting that section using mandatory language, has plainly indicated its intent that these wage assignment provisions be mandatory. *Page 108 
It is also my opinion that a construction making the wage assignment provisions of sec. 247.265, Stats., mandatory would not cause that section to be unconstitutional. It is true that Wis. Const. art. VII, sec. 2 vests the state's judicial power in the state courts. Nevertheless, it has long been recognized that divorce is a statutory proceeding, Miller v. Miller,67 Wis.2d 435, 439, 227 N.W.2d 626 (1975); Chase v. Chase, 20 Wis.2d 258,263, 122 N.W.2d 44 (1963), and that "[t]he limit of judicial authority therein does not extend beyond that specified in the written law." Boehler v. Boehler, 125 Wis. 627, 629, 104 N.W. 840
(1905). As early as 1891 the Wisconsin Supreme Court stated inBarker v. Dayton, 28 Wis. 367, 379 (1871):
 It is an undoubted general principle of the law of divorce in this country, that the courts, either of law or equity, possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings or practice in it, or to the mode of enforcing the judgment or decree, authority therefor must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised.
Therefore, it is my opinion that the wage assignment provisions of sec. 247.265, Stats., are mandatory.
The committee's second question concerns whether sec. 247.02
(1)(i), Stats., as created by the Divorce Reform Act, overrides case law requiring that applications to change or vacate judgments be made in the action in which the judgment was entered and to the court that rendered it. Kusick v. Kusick,243 Wis. 135, 9 N.W.2d 607 (1943). I believe it does. Section 247.02 (1) (i), Stats., was enacted as part of the Divorce Reform Act and created, as a new and separate action affecting marriage, actions "[t]o modify a judgment in an action affecting marriage granted in this state or elsewhere."
Section 247.01, Stats., reads in part:
 JURISDICTION. The circuit courts have jurisdiction of all actions affecting marriage . . . and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution as prescribed in this chapter. All such actions shall be commenced and conducted *Page 109 
and the orders and judgments therein enforced according to these statutes in respect to actions in circuit court . . . .
It is my opinion that the Legislature specifically enacted sec.247.02 (1)(i), Stats., to make a petition to modify a judgment in an action affecting marriage a new and separate action affecting marriage; one which may be commenced independently of the original divorce or support proceeding in any court having jurisdiction under sec. 247.01, Stats.
BCL:WHW