IN the MATTER OF the ESTATE of Earl D.
MILLER, Deceased: William D. MILLER and
Lavonne Miller, Appellants,

v.

Wesley J. VAN DER WEELE, Personal
Representative of the Estate of Earl D. Miller,
Deceased, and First Interstate Trust Company
of Wisconsin, Respondents. [Case No. 88-0007.]


William D. MILLER, and Lavonne Miller,
Plaintiffs-Appellants,

v.

FIRST INTERSTATE TRUST COMPANY OF
WISCONSIN and Robert E. Miller,
Defendants-Respondents. [Case No. 88-0282.]

Court of Appeals

*Nos. 88-0007, 88-0282. Submitted on briefs September 9,
1988.—Decided October 19, 1988.*

(Also reported in 434 N.W.2d 787.)

On behalf of the appellants the cause was submitted on the briefs of *John M. Bruce* of *Muchin, Muchin & Bendix, S.C.,* of Manitowoc.

On behalf of the respondents the cause was submitted on the joint brief of *Katherine M. Reynolds* of *Miller & Miller, S.C.* of St. Nazianz and *John B. Murphy* of *Schlosser & Murphy,* of Sheboygan.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. The dispositive issue in these cases[1] is whether a probate court in one county—Manitowoc—can vacate a lien against property in probate when the lien was filed and is pending in another county—Sheboygan. We hold that it cannot. We therefore necessarily find that a probate court's attempted order vacating a lien in another county does not result in an adjudication of the lien action. We remand the lien proceedings to Sheboygan county.

The pertinent facts are few. The estate of Earl D. Miller was admitted to probate in Manitowoc county in 1982. Miller's sons were initially appointed co-personal representatives, but Robert Miller soon resigned and William Miller became sole personal representative. In

---

[1]Pursuant to this court's order, the two cases on appeal were consolidated.

1985, William Miller was removed as personal representative and First Interstate Trust Company of Wisconsin (FITC) was appointed in his stead.

In April of 1986, William Miller filed a claim in Sheboygan county for a construction lien, pursuant to ch. 779, Stats., seeking reimbursement for services rendered after Earl Miller's death. The real property allegedly subject to the lien is located in Sheboygan county. By notice of motion and motion, FITC moved the probate court in Manitowoc county to vacate or set aside the lien. A hearing on the motion was scheduled for November of 1986, but the motion was not heard.

On June 9, 1987, William Miller commenced action in Sheboygan county for enforcement of the lien. FITC moved the Sheboygan court for summary judgment and judgment on the pleadings. The Sheboygan court held a hearing on these motions but did not act.

The Manitowoc County Circuit Court subsequently scheduled a hearing on FITC's motion to vacate the lien for September 16, 1987. On September 9, 1987, William Miller moved the Manitowoc court to dismiss the motion to vacate. After hearing arguments, the Manitowoc court granted FITC's motion to vacate or set aside the lien, and denied William Miller's motion to dismiss that motion.

Subsequently, the Sheboygan County Circuit Court granted FITC's motion to dismiss the lien action pending before it on the ground that the matter had been adjudicated in Manitowoc county. William Miller appeals from the order granting the motion to vacate the lien issued by the Manitowoc court and from the dismissal of the lien action granted by the Sheboygan court.

Section 779.06(1), Stats., states in relevant part:

> No lien under s. 779.01 shall exist and no action to enforce the same shall be maintained unless ... a claim for such lien is filed in the office of the clerk of circuit court of the county in which the lands affected thereby lie, and ... summons and complaint filed therein.

The only question is whether a probate court can, on motion of one party and over the objections of another, vacate an action pending in another county, before another circuit court. It cannot do so.

The general rule is that "[t]he court from which process originally issues, or the judge thereof, has control of such process for every purpose; and one court of record may not entertain an application merely to set aside or quash the process or writ of another court of record." 21 C.J.S. *Courts* sec. 496 at 758 (1940). Such a rule obtains in Wisconsin: "[I]nterference by one circuit court with the judgment and exercise of power by another circuit court cannot be approved." *Kusick v. Kusick,* 243 Wis. 135, 138, 9 N.W.2d 607, 609 (1943).

Here, the probate court in Manitowoc county purported to vacate a lien pending in a circuit court in Sheboygan county. Such an order was not the Manitowoc court's to make. Defenses to an action pending before a circuit court must be presented to and ruled on by that court.

Since William Miller consistently objected to the Manitowoc county court's jurisdiction over and competency to adjudicate the lien, we determine that the order to vacate the lien was invalid. *See Mueller v. Brunn,* 105 Wis. 2d 171, 178, 313 N.W.2d 790, 793 (1982). Therefore, the issues purportedly resolved by the Manitowoc county probate court have not been adjudicated, and the decision of the Sheboygan court that the lien issues are *res judicata* is also a nullity.

*By the Court.*—Order in Case No. 88–0007 is reversed. Order in Case No. 88–0282 is reversed and cause remanded.