**SLAUGHTER et ux. v. TEXAS LIFE INS. CO. (No. 6124.)**

(Court of Civil Appeals of Texas. April 23, 1919.)

1. APPEAL AND ERROR &#9756;798 — MOTION TO DISMISS APPEAL—TIME OF FILING MOTION.

Notice to dismiss appeal will be considered, though not filed within 30 days from the filing of transcript, where no notice of filing of transcript was given by the clerk, notwithstanding court rule No. 8 (142 S. W. xi), requiring such motion to be made within 30 days after filing of transcript.

2. APPEAL AND ERROR &#9756;465(1)—SUPERSEDEAS BOND — SUFFICIENCY — APPEAL FROM PORTION OF JUDGMENT.

Where judgment decrees foreclosure of lien on land claimed as homestead for a portion of the amount of the judgment, bond filed on appeal from a judgment stating that judgment was recovered for the amount for which foreclosure against homestead was decreed without showing on its face that the appeal is only from such portion of the judgment is insufficient as a supersedeas bond, where amount thereof is less than twice the amount of the entire judgment.

3. APPEAL AND ERROR &#9756;383—COST BOND—SUFFICIENCY.

Bond filed on appeal which is not conditioned that appellants shall pay all of the costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and the Supreme Court is insufficient as a cost bond.

4. APPEAL AND ERROR &#9756;122 — RIGHT OF APPEAL—PORTION OF JUDGMENT.

Where judgment decrees foreclosure of lien on land claimed as a homestead for only a portion of the amount of the judgment, an appeal may be taken from only so much of the judgment as affects the land claimed as a homestead.

5. APPEAL AND ERROR &#9756;467—APPEAL FROM PORTION OF JUDGMENT — SUPERSEDEAS BOND.

Where judgment decrees foreclosure of lien on land claimed as homestead for only a portion of the amount of the judgment, and appeal is taken from only so much of judgment as affects the land claimed as homestead, the bond should clearly and distinctly show upon its face that appeal is not from any other portion of the judgment.

6. APPEAL AND ERROR &#9756;863—APPEAL FROM PORTION OF JUDGMENT—EFFECT ON OTHER PORTIONS.

Where personal judgment is recovered against husband, and foreclosure of lien on land claimed as homestead is decreed as to a portion of the amount of the judgment, the husband and wife, by appealing from only that portion of the judgment affecting such land, concede that the entire judgment is correct except in so far as it establishes and forecloses a lien against such land.

7. APPEAL AND ERROR &#9756;474 — INSUFFICIENT SUPERSEDEAS BOND—AMENDMENT.

Where appeal is taken from only that part of the judgment which decrees foreclosure of lien on land claimed as homestead, and supersedeas bond filed is insufficient because it fails to show on its face that the appeal is only from that portion of the judgment affecting such land, appellate court on motion to dismiss the appeal will give appellants the right to file a sufficient bond within specified time, under the statute authorizing amendment of appeal bonds.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by the Texas Life Insurance Company against A. L. Slaughter and wife. Judgment for plaintiff, and defendants appeal. On motion to dismiss appeal. Motion sustained.

Sanford & Harris and Spell, Boggess, Naman & Penland, all of Waco, for appellants.

Gallagher & McCullough, of Waco, for appellee.

KEY, C. J. On the 19th day of September, 1918, appellee recovered a judgment against appellant A. L. Slaughter for $1,960.99, with foreclosure of lien against A. L. Slaughter and his wife, Lillie P. Slaughter, for $984.13 thereof, on one tract of land claimed by them to be their homestead, and foreclosure of a similar lien to secure the balance of the judgment upon another tract of land to which no homestead claim was asserted.

---

Slaughter and his wife made a motion for new trial, which was overruled, and they excepted and gave notice of appeal to this court. Thereafter and in due time they filed what is denominated in the transcript an appeal bond, in which it is recited that on the 19th day of September, 1918, appellee recovered judgment against A. L. Slaughter and Lillie P. Slaughter for the sum of $984.13, with interest and costs of suit, and forclosing liens on certain lands, with the action of the court in overruling their motion for a new trial, to which they excepted and gave notice of appeal; the latter being couched in this language:

"* * * To which action of the court the said A. L. Slaughter and Lillie P. Slaughter then and there excepted, and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District, at Austin, and from that part of which judgment and order wherein plaintiff, Texas Life Insurance Company, was awarded the sum of $984.13, with foreclosure of lien on the following described tract of land, to wit."

The bond then proceeds with a specific description of one of the tracts of land upon which the judgment forecloses a lien, and the remainder of the bond reads as follows:

"Now, therefore, we, the said A. L. Slaughter and Lillie P. Slaughter, as principals, and the undersigned as sureties, acknowledge ourselves bound to pay to the said Texas Life Insurance Company, the sum of $2,200, conditioned that the said A L. Slaughter and Lillie P. Slaughter, appellants, shall prosecute their appeal with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against them, they shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against them."

Appellee has submitted a motion, verified by its attorneys, to dismiss the appeal for the following reasons:

"(1) The said bond is insufficient as a supersedeas bond because the judgment rendered herein is for the sum of $1,960.99, and said bond is not in double the amount of said judgment, but, on the contrary, it is for the sum of $2,200 only, and therefore wholly insufficient as a supersedeas bond.

"(2) The said bond is insufficient as a cost bond, because it. is nowhere conditioned that appellants shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court.

"(3) Said bond is wholly insufficient to confer jurisdiction on this court, because the same fails to properly describe the judgment appealed from, and grossly misdescribes the same, in this: That the judgment appealed from is in favor of appellee against the appellant A. L. Slaughter in the sum of $1,960.99, with foreclosure against both of appellants to secure $984.13 of said judgment on one tract of land, and to secure $976.86 thereof on another and different tract of land, whereas said bond describes it solely as a judgment for $984.13, with foreclosure of lien on the tract of land first above described and referred to.

"(4) Said bond is insufficient to confer any jurisdiction on this court because it purports on its face to be an attempt to appeal from a part only of a single judgment against appellants, when, to be effective, the whole judgment should have been appealed from.

"(5) The said bond is insufficient as a supersedeas bond, because there can be no issuance of process except upon final judgment, and said bond attempts to suspend and supersede the issuance of execution, or order of sale, for a part only of appellee's total recovery of $1,960.99, and attempts to secure appellee for delay in the enforcement of a part of such judgment only, but the same, if it were valid, would necessarily defeat the appellee's right to enforce the remaining part of its judgment without any security for the delay in enforcement thereof.

"(6) Appellee shows to the court that, while the transcript in this cause appears to have been filed herein on the 29th day of January, 1919, through some accident or mistake no notice thereof was given to appellee, or its attorneys, or either of them, as required by rule 7b (142 S. W. xi) for practice in the Court of Civil Appeals of this state, and that neither appellee nor its attorneys had any actual knowledge of the filing of said transcript and appeal in this court until such fact was ascertained by inquiry from the clerk of this court on or about the 10th day of March, 1919, when prompt application was made by appellee's attorneys for the custody of the record in this cause, which record was received on the 15th day of March, 1919, and this explanation is made to explain and excuse delay, if any, in the filing of this motion."

Replying to the motion, counsel for appellants contend: First, that inasmuch as it was not filed within 30 days after the transcript was filed in this court, under rule 8 it should not be considered; second, that the judgment in the court below is divisible, and appellants have the right to appeal from that portion of it which affects the tract of land claimed by them as a homestead, and let the balance of it remain and be executed, and that that is what they are now doing.

[1] 1. Notice of filing of the transcript in this court is required to be given by the clerk, and, as such notice was not given, we hold that rule 8 (142 S. W. xi) does not apply, and that the motion to dismiss was filed in time.

[2, 3] 2. As the bond is not in double the amount of the entire judgment, it is insufficient as a supersedeas bond, if appellants are attempting to appeal from the entire judgment; and it is insufficient as a cost bond, because it does not obligate the appellants to pay the costs of the trial court.

[4-6] 3. We hold that appellants have the right to prosecute an appeal from so much of the judgment as affects the tract of land

claimed by them as a homestead, but, in order to do so and to supersede that portion of the judgment, they should present a bond which clearly and distinctly shows upon its face that they are not appealing from any other portion of the judgment. There was no personal judgment against Mrs. Slaughter, and by limiting the appeal in the manner suggested A. L. Slaughter would concede that the personal judgment against him is correct; and both the appellants would concede that the entire judgment was correct, except in so far as it establishes and forecloses a lien against the tract of land claimed by them to be homestead; and as the amount of the debt which is secured by a lien upon that tract of land, as disclosed by the judgment of the trial court, is fixed at a specified sum of money, we hold that appellants can appeal from that portion of the judgment by giving a supersedeas bond in double the amount of that sum. In other words, and as a common-sense proposition, we hold that the judgment of the trial court is divisible in that respect, and appellants may appeal from that portion of it, and permit the remainder to be executed. But, in order to accomplish that result by a supersedeas bond, we think the latter should clearly show on its face that the appeal is so limited; and, as it does not so clearly appear in the bond now under consideration, we hold that it is insufficient.

[7] Of course, appellants had the right, and, in view of the statute authorizing the amendment of appeal bonds, it may be that they still have the right, to appeal the case upon cost bond. At any rate, we think the statute referred to will entitle them to file a supersedeas bond in accordance with the views expressed in this opinion. Therefore, if such bond is filed within two weeks from this date, the judgment of dismissal will be set aside, and the appeal reinstated.

Motion sustained.