## BLANKENBECKLER v. KUYKENDALL et al. (No. 1508.)

(Court of Civil Appeals of Texas. El Paso. Oct. 25, 1923. Rehearing Granted Nov. 22, 1923.)

1. **Appeal and error ⬄467, 877(2)—Assignments held not available.**

Assignments and propositions relating solely to a suit by one recovering no judgment against appellant, or a judgment against defendants not named as obligees in appellant's supersedeas bond, present no error.

On Rehearing.

2. **Fraud ⬄47—Cross-complaint for damages for fraud must plead basis for damages.**

In a cross-action for damages for false representations inducing cross-complainant to give an automobile for a trailer and a note sued on, it was incumbent on cross-complainant to plead and prove the difference between the value of the property received and given.

3. **Judgment ⬄250—Judgment for damages for fraud must be supported by pleading of proof of damage.**

A judgment based on fraudulent representations that a note sued on was secured by a first lien on an automobile cannot be rendered on allegations that defendant gave an automobile of a stated value in exchange for the note and a truck trailer of a certain value, in the absence of a plea or competent evidence that the note was worthless or any allegation as to its value.

4. **Appeal and error ⬄1173(1)—Reversal of judgment operates to set aside dependent judgment.**

Reversal of a judgment for one defendant against a codefendant for the amount paid plaintiffs on their judgment against the first defendant operates to set aside a judgment against such codefendant against a third defendant for the amount the former might be required to pay the first defendant.

Appeal from District Court, Eastland County; E. A. Hall, Judge.

Suit by John D. Seale and another against C. I. Kuykendall, F. A. Blankenbeckler, and another. From a judgment for defendant Kuykendall against defendant Blankenbeckler, the latter appeals. Reversed and remanded.

Butts & Wright, of Cisco, for appellant. Turner, Seaberry & Springer and Sayles & Sayles, all of Eastland, for appellees.

---

HIGGINS, J. This suit was brought by John D. and Henry Seale against W. S. Anglin, F. A. Blankenbeckler, and C. I. Kuykendall. The litigation arose over a note in the principal sum of $800, executed by Anglin to the order of Blankenbeckler, and, by the latter, indorsed to Kuykendall, who in turn indorsed the same to the plaintiffs. The note recites that it was secured by pledge of a Mitchell automobile. It was in fact secured by a mortgage upon such automobile, but the same was subordinate to a prior duly registered mortgage given by Anglin to the American National Bank. Anglin defaulted in the payment of the note to the bank, and the bank foreclosed its mortgage. The security of the automobile for the note in favor of Blankenbeckler was thereby lost.

Upon trial without a jury judgment was rendered as follows:

In favor of the plaintiffs against Anglin and Kuykendall for $800, with 6 per cent. interest from March 1, 1920; in favor of Kuykendall against Blankenbeckler for a like amount, with direction that execution issue for such amount as Kuykendall might be required to pay the plaintiffs upon their judgment; in favor of Blankenbeckler against Anglin for a like amount, with direction that execution issue for such amount as Blankenbeckler might be required to pay Kuykendall upon the latter's judgment.

Blankenbeckler alone appeals, giving a supersedeas bond payable to Kuykendall, and reciting that the appeal is taken from the judgment rendered in favor of Kuykendall against Blankenbeckler.

None of the other parties are mentioned in the bond.

[1] A number of assignments and propositions relate solely to the suit by the plaintiff Seale, but these matters present no error in view of the fact that they recovered no judgment against appellant; furthermore, the merits of the judgment in favor of the plaintiffs against Kuykendall and Anglin are not presented by this appeal, as they are not named as obligees in the supersedeas bond and the recitals in the bond show that Blankenbeckler has not even attempted to appeal from and present for review that portion of the judgment in favor of the plaintiffs against Kuykendall and Anglin. In this connection, see Slaughter v. Texas Life Insurance Co. (Tex. Civ. App.) 211 S. W. 350.

The first assignment complains of the overruling of special exception No. 2, by appellant, to the plaintiff's petition and the cross-action of Kuykendall. The exception mentioned was not directed against Kuykendall's cross-action, but was leveled solely against the plaintiff's petition. There is thus no basis for the assignment so far as it concerns the cross-action. And so far as concerns the plaintiff's petition the matter presents no error of which this appellant can complain for the reason indicated above.

By the second and third assignments it is asserted the court erred in admitting certain evidence. The testimony was irrelevant to the controlling issues in the case and harmless. Furthermore, the trial was before the court and it will be presumed that the court did not consider it.

Under the fourth, fifth, sixth, and tenth assignments the proposition is made that "findings of fact can be founded only on competent evidence," which, in the abstract, is correct; but there is ample competent evidence to support the judgment and material findings of the court.

The cross-action of Kuykendall was for rescission of his purchase of Anglin's note upon the ground that its purchase had been induced by the false and fraudulent representation of appellant that it was secured by a first lien upon the automobile described in the note.

The third proposition, under the remaining assignments, is that—

"A judgment based upon fraudulent representations can be rendered only upon pleadings and proof alleging and proving the value of the property received and parted with by the person defrauded."

The rule contended for and authorities cited would be applicable if the suit constituted an affirmance of the purchase and for the damages sustained by the fraud. But such is not its nature. It is a disaffirmance and suit for rescission, and the measure of the appellee's recovery was what he paid for the note. Parks v. Lancaster (Tex. Civ. App.) 38 S. W. 263.

Affirmed.

### On Rehearing.

[2, 3] Appellant's third proposition was overruled upon the assumption by us that the cross-action of Kuykendall was for rescission of his purchase of the Anglin note. This assumption was erroneous. On the contrary, the cross-action was for damages resulting from the purchase of the note, which purchase, it was alleged, was induced by the false representation of appellant that the note was secured by first lien upon the automobile. This being the nature of the action, it was incumbent upon Kuykendall to plead and prove the difference between the value of the property received and that given in exchange. It was alleged that Kuykendall gave a Buick automobile of the value of $1,100, in exchange for the note and a truck trailer of the value of $275. There is neither plea nor any competent evidence that the Anglin note was worthless. There is no allegation whatever as to its value. In this state of the record the appellant's third propositions and the assignments to which it

is subjoined are well taken, and we erred in overruling same. Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048.

The judgment of affirmance is therefore set aside, and the cause will be reversed and remanded. The order of reversal does not in any wise disturb the judgment rendered in favor of the plaintiffs Seale against Anglin and Kuykendall for reasons indicated in the original opinion.

[4] The reversal necessarily operates to set aside the judgment in favor of Blankenbeckler against Anglin, as that is dependent upon the judgment in favor of Kuykendall against Blankenbeckler.

Upon retrial the issues will be confined to the cross-action of Kuykendall against Blankenbeckler and the latter's cross-action against Anglin.

The motion for rehearing is granted, and the cause reversed and remanded for retrial as indicated.