### WOOD v. PERRY et al. (No. 9051.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1925.)

**1. Appeal and error ⬥461—Cost bond does not suspend execution.**

A cost bond on appeal, within Rev. St. 1911, art. 2097, does not suspend execution, in view of article 2109.

**2. Appeal and error ⬥466—Supersedeas bond need not contain stipulation to pay costs.**

A supersedeas bond, within Rev. St. 1911, art. 2101, need not contain a stipulation to pay costs, within article 2097.

**3. Appeal and error ⬥466 — Provision for costs in supersedeas bond is surplusage, not affecting its validity of bond.**

Provision in supersedeas bond, within Rev. St. 1911, art. 2101, for costs, within article 2097, is surplusage, but does not affect the validity of the bond.

**4. Appeal and error ⬥467—Bond given on appeal held insufficient to give Court of Civil Appeals jurisdiction of application for injunction to restrain enforcement of judgment.**

A bond given on appeal, and showing that the appeal was taken from the whole judgment, and that it was appellant's intention to give a supersedeas bond for a small part of the judgment, *held* insufficient to confer jurisdiction on the Court of Civil Appeals of an application for injunction to restrain enforcement of the judgment appealed from, where the bond neither complied with Rev. St. 1911, art. 2097, as to cost bonds, nor with article 2101, relating to supersedeas bonds.

**5. Appeal and error ⬥455—Court of Civil Appeals cannot issue writ of injunction to restrain enforcement of judgment, in absence of filing of proper statutory cost or supersedeas bond.**

Court of Civil Appeals cannot issue writ of injunction to restrain enforcement of judgment, when because of absence of filing of proper statutory cost or supersedeas bond it has not acquired jurisdiction of appeal.

Original application for injunction by L. B. Wood against W. C. Perry and another. Preliminary writ set aside, and permanent writ denied.

Ward & Beverley, of Corpus Christi, for appellant.

J. D. Todd and Sidney P. Chandler, both of Corpus Christi, for appellees.

FLY, C. J. On October 3, 1925, appellant applied to this court for a writ of injunction against appellee and Ben D. Lee, sheriff of Nueces county, to restrain the sale of certain personal property, belonging to appellant, pending an appeal to this court from the judgment by virture of which the property was proposed to be sold. It was alleged that an appeal bond was filed by appellant with-in the time prescribed by statute, and all the requisites for an appeal were complied with from the judgment obtained by appellee, and that the bond was a supersedeas bond under the statute, which superseded and suspended the operation of the judgment. The bond describes the judgment as being in favor of appellee—

"in the principal sum of five thousand ($5,000.00) dollars, evidenced by a certain note for the principal sum aforesaid, and for the interest accrued on said note and for attorney's fees, with interest from the date of the said judgment at the rate of 10 per cent. per annum, and for the foreclosure of certain attachment liens; and the court further adjudged that plaintiff recover the sum of eight hundred dollars ($800.00) against the defendant L. B. Wood and his sureties on a certain replevin bond, to wit, A. H. Gremmel and W. R. Crow and R. W. Wood, and together with all costs in said suit, and adjudging a specific performance of a certain contract of sale of land by plaintiff, W C. Perry, to defendant, L. B. Wood."

No one attempted to perfect an appeal, but L. B. Wood. The bond is peculiar, in that it is given separately for the costs, in the sum of $200, and "the further sum of sixteen hundred dollars ($1,600.00), being double the amount adjudged against the defendant and his sureties in the replevin bond aforesaid." The object of appellant seemed to be to supersede a small part of the judgment against him and provide for the costs, so as to have the main part of the judgment reviewed.

[1] Article 2097, Rev. Stats., provides that in appeals, when it is not desired to supersede the judgment, a bond shall be given by the party seeking the appeal in double the probable amount of the costs in the Court of Civil Appeals and Supreme Court, conditioned that the appellant shall prosecute his appeal with effect, and will pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court. The bond given does not comply with the requirements as to a cost bond, and is not conditioned as the article cited demands. If it had been a cost bond, it would not have suspended execution. Article 2109. In article 2101, Rev. Stats., it is provided:

"Should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving, instead of the bond, or affidavit in lieu thereof mentioned in the four preceding articles, or in addition to such bond, a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil

Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

[2, 3] It will be noted that the payment of costs is not mentioned in the conditions to the supersedeas bond, nor is it necessary, for the costs are considered in determining the amount of the bond and follow the decision of the appeal. A supersedeas bond is not required to insert the stipulation for the payment of costs as provided in article 2097, Zapp v. Michaelis, 56 Tex. 395. A provision for costs in a supersedeas bond would be surplusage, but would not affect its validity.

[4] Appellant states in the bond that he, "desiring to prosecute the said appeal, files this bond for costs of appeal and to supersede the said judgment as hereinafter provided." As hereinbefore intimated, it appears that appellant seeks to give a cost bond as to the main part of the judgment, so as to have the appellate court pass on the issues as to that main part, and then in the same instrument provides for superseding a small portion of the judgment. If two bonds could thus be combined in one instrument, which is quite doubtful, appellant has failed to comply with the statute as to cost bonds, and the bond can only be looked to as a bond superseding that part of the judgment for $800. As said in Slaughter v. Texas Life Ins. Co. (Tex. Civ. App.) 211 S. W. 350:

"As the bond is not in double the amount of the entire judgment, it is insufficient as a supersedeas bond, if appellants are attempting to appeal from the entire judgment; and it is insufficient as a cost bond, because it does not obligate the appellants to pay the costs of the trial court."

In the Slaughter Case it was held that the appellants had the right to prosecute an appeal as to a certain separable part of a judgment, but it was held:

"In order to do so, and to supersede that portion of the judgment, they should present a bond which clearly and distinctly shows upon its face that they are not appealing from any other portion of the judgment."

The bond in this case shows that an appeal was taken from the whole judgment, for, after giving the terms of the entire judgment, it is recited:

"And the defendant, desiring to prosecute the said appeal, files this bond for costs of appeal and to supersede the said judgment as hereinafter provided."

[5] Not only is it not "clearly and distinctly" shown upon the face of the bond that appellant was not appealing from any other portion of the judgment, except that on the replevin bond for $800, but it is a clear inference that appellant intended to give a cost bond for an appeal of the entire judgment, and to give a supersedeas bond for a small part of the judgment. This is not permissible under the terms of the Slaughter Case, which cites no authority and seems to be alone in its ruling. It becomes unnecessary for this court to commit itself to the correctness, for, if it be correct, the bond in this case does not bring it within the terms of the opinion in the Slaughter Case. This court has not obtained jurisdiction through a statutory cost bond or a valid supersedeas bond. It therefore has no power or authority to issue a writ of injunction in the case.

The restraining order heretofore issued is set aside, and the writ of injunction denied.