BARNSDALL OIL COMPANY (HOUSTON OIL COMPANY OF TEXAS) v. G. E. HUBBARD (F. L. LUCKEL) ET AL.

No. 6833. Decided November 3, 1937.
Rehearing overruled January 12, 1938.
(109 S. W., 2d Series, 960.)

*Bramlette & Meredith,* of Longview, *Wm. Hodges,* of Texarkana, and *M. D. Kirk* and *Foster V. Phipps,* both of Tulsa, Oklahoma, *Williams, Lee, Sears & Kennerly* and *Fred L. Williams,* all of Houston, for plaintiffs in error.

*Wynne & Wynne* and *W. A. Ray,* both of Longview, *Vinson, Elkins, Sweeton & Weems* and *David T. Sears,* all of Houston, and *J. Hart Willis,* of Dallas, for defendants in error.

*Thompson, Knight, Baker & Harris,* of Dallas, filed brief as amicus curiae.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

On December 18, 1919, J. G. McGrede acquired a tract of 220 acres of land in Gregg County. At that time he was married to Quessie McGrede. Some of the parties to this litigation claimed that the 220 acres was community property, while others claimed that it was the separate property of J. G. McGrede to the extent of a 5/6th undivided interest. In the trial court it was found to be community property of J. G. McGrede and his wife, who died in June, 1922, leaving six children as her heirs. Four claims of title issued from the common source, to-wit:

1. During the lifetime of Mrs. McGrede a community obligation was created in favor of G. E. McGrede, a son of J. G. and Quessie McGrede, and after the death of Mrs. McGrede on, to-wit, June 27, 1925, J. G. McGrede executed conveyance to G. E. McGrede of 36 acres of the 220 acre tract in satisfaction of this community obligation. Various parties held claims to the mineral estate in this 36 acres under G. E. McGrede.

2. On May 9, 1930, J. G. McGrede, while a widower, executed to B. A. Skipper an oil and gas lease covering the entire 220 acres. This lease passed as follows:

(a) It was first transferred by Skipper to W. W. Lechner on September 11, 1930. While this assignment was in the name of Lechner, Ray E. Hubbard had some interest therein.

(b) On January 5, 1931, Lechner assigned to the Barnsdall Oil Company 84 acres of the lease, the said 84 acres being specifically described.

(c) On January 24, 1930, Lechner assigned to the Houston Oil Company of Texas 25 acres of said lease, the said 25 acres

adjoining the Barnsdall Oil Company's 84 acres, and also being specifically described.

(d) On January 27, 1931, Lechner executed assignment to G. E. Hubbard of said lease as to the remaining acreage of said 220 acre tract.

3. (a) On February 14, 1931, Lobella McGrede, one of the heirs of Mrs. Quessie McGrede, executed to G. E. Hubbard an oil and gas lease on her undivided interest in said 220 acres, less the 36 acres conveyed by her father to G. E. McGrede.

(b) On February 11, 1931, all of the remaining heirs of Mrs. McGrede, other than Walter McGrede, a minor, executed an oil and gas lease to G. E. Hubbard on their undivided interests in the 220 acres, less the 36 acre tract.

4. On March 28, 1931, Walter McGrede, by guardian, executed an oil and gas lease to F. L. Luckel on his undivided interest in the said 220 acres, less the 36 acre tract.

G. E. Hubbard and F. L. Luckel, claiming from the same source, to-wit, the heirs of Mrs. McGrede, asserted title to a 1/2 undivided interest in the mineral estate in the 84 acres and the 25 acres. Sometime prior to October 31, 1932, the Barnsdall Oil Company brought suit to quiet title to its particular 84 acres. Its second amended petition, upon which it went to trial, was filed October 31, 1932. This petition names as defendants G. E. Hubbard, R. E. Hubbard, W. W. Lechner, all of the McGredes, the Houston Oil Company of Texas, and all parties interested in the 36 acre tract. F. L. Luckel was not named as a defendant.

On August 14, 1931, G. E. Hubbard, defendant in the suit of Barnsdall Oil Company, filed cross action against the said Barnsdall Oil Company and also against Houston Oil Company of Texas, and the parties claiming the 36 acre tract. In his petition he set up the facts with reference to the lease by J. G. McGrede, and the assignments as to the specific 84 acres and the specific 25 acres, in both of which he asserted a claim to a 5/6th of a one-half undivided interest. He also asserted the same interest in the 36 acre tract, but pleaded in the alternative that if it be found that he was not entitled to any interest in that tract, then he be allowed an augmentation from the 84 acres and the 25 acres. He prayed that his interest be established in each of the several tracts, respectively, and also prayed for a partition. While he is named as the plaintiff in this cross action, nevertheless it appears that R. E. Hubbard and W. W. Lechner went along in the case with him as coplaintiffs and as codefendants.

On March 1, 1932, F. L. Luckel filed his plea of intervention, in which he set up claim to an undivided 1/12th interest in the mineral estate in the whole 220 acres. His pleading was substantially the same as that of G. E. Hubbard. He prayed that his interest be established in the 84 acres, the 25 acres and the 36 acres, respectively, as well as in the remainder of the acreage in the 220 acre tract.

In its amended petition of October 31, 1932, Barnsdall Oil Company answered the contentions of G. E. Hubbard and F. L. Luckel, in so far as they affected its particular 84 acres. Among other things it pleaded that the 220 acres was in whole, or at least to the extent of a 5/6th interest therein, the separate property of J. G. McGrede. It claimed the full ownership of the mineral estate in the 84 acres on the ground that it acquired the lease thereon without notice, and on the ground that under the theory of equitable partition it was entitled to that tract out of the interest of J. G. McGrede; and further that it was entitled to such interest on the ground of estoppel.

Houston Oil Company of Texas on February 8, 1932, filed answer to the cross action of G. E. Hubbard, which consisted of a general demurrer, a general denial and a plea of not guilty. On October 31, 1932, it filed answer to the plea of intervention by Luckel, which answer consisted of a general demurrer, a general denial and a plea of not guilty.

There were other pleadings concerning the 36 acre tract not necessary to mention.

Before trial, all of the McGredes went out of the case on disclaimers, and it would seem that by mutual understanding the title to the 36 acre tract was regarded as being good in G. E. McGrede and those holding under him. At least it can be said that no one on appeal complained of the disposition that was made of that tract.

Based upon findings that the 220 acres was community property, that the 36 acres was conveyed by J. G. McGrede in discharge of a community obligation, that Barnsdall Oil Company was an innocent purchaser, and that Houston Oil Company was not an innocent purchaser, the trial court entered a judgment to the following effect:

1. In favor of Barnsdall Oil Company for the mineral estate in the 84 acres. This appears to have been based on a finding that after conveyance of the 36 acres there was left of the original tract 184 acres, of which J. G. McGrede owned an undivided interest of 92 acres; that Barnsdall Oil Company, as

first purchaser under the J. G. McGrede lease, was entitled to take all of that particular tract.

2. In favor of Houston Oil Company of Texas for an interest of 8/25ths in the 25 acre tract, and in favor of G. E. Hubbard and F. L. Luckel for an interest of 17/25ths in said 25 acres, of which interest Luckel was to have a 1/6th and Hubbard 5/6ths. This appears to have been based on a finding that of the 92 acre interest belonging to J. G. McGrede, after deducting the 84 acres awarded to Barnsdall Oil Company, there remained 8 acres, which the Houston Oil Company was entitled to take as second purchaser from J. G. McGrede, and the balance of the 25 acres represented the interest of the heirs of Mrs. McGrede in said tract.

After judgment G. E. Hubbard and F. L. Luckel filed their first amended motion for new trial "as to the plaintiff Barnsdall Oil Company." They complained of numerous errors, all of which related to the judgment in favor of Barnsdall Oil Company for the 84 acre tract. This motion for new trial was overruled. It is referred to in the order overruling the same as "the first amended motion for new trial, as against the plaintiff Barnsdall Oil Company, of intervenor F. L. Luckel and the defendant G. E. Hubbard." The order shows that intervenor Luckel and defendant Hubbard excepted and gave notice of appeal.

After the foregoing motion for new trial was overruled, intervenor Luckel filed his appeal bond. This bond contained the following recital:

"Whereas, thereafter on the 17th day of December, A. D. 1932, at a regular term of said court, judgment was rendered by said Court in favor of the Plaintiff Barnsdall Oil Company, the said Plaintiff recovering against·G. E. Hubbard, R. E. Hubbard, W. W. Lechner and The Houston Oil Company, Defendants, and against F. L. Luckel, Intervenor, for the title to and possession of the mineral interest and estate in and to the following described tract of land, to-wit:" (Here follows a specific description of the 84 acre tract only.)

The Barnsdall Oil Company, G. E. Hubbard, R. E. Hubbard, W. W. Lechner and the Houston Oil Company of Texas were named obligees in this bond.

On December 30, 1932, G. E. Hubbard, R. E. Hubbard and W. W. Lechner filed their appeal bond. It contained the following recital:

"Whereas, thereafter on the 17th day of December, A. D. 1932, at a regular term of said court, judgment was rendered by said Court in favor of the Plaintiff Barnsdall Oil Company, the said Plaintiff recovering against G. E. Hubbard, R. E. Hubbard, W. W. Lechner and The Houston Oil Company, Defendants, and against F. L. Luckel, Intervenor, for the title to and possession of the mineral interest and estate in and to the following described tract of land, to-wit:" (Here follows a particular description of the 84 acre tract only.)

Barnsdall Oil Company, the Houston Oil Company of Texas and F. L. Luckel were named as obligees in this bond.

In due time after entry of the judgment, the Houston Oil Company of Texas filed its motion for new trial. Practically all of its assignments related to action of the trial court in refusing to admit certain proof, all of which tended to show that J. G. McGrede owned a larger interest in the 220 acres than an undivided 1/2 interest therein, and that there had been a recognition of this ownership by the heirs of Mrs. McGrede. It is claimed that if the ownership by J. G. McGrede could have been, as a result of the proffered proof, enlarged, it would have been entitled, as second purchaser, to the entire 25 acres. This motion was overruled and the Houston Oil Company of Texas gave notice of appeal. It never filed any appeal bond.

In the Court of Civil Appeals G. E. Hubbard, R. E. Hubbard, W. W. Lechner and F. L. Luckel were designated "appellants." In their brief they complained only of the judgment as it affected the 84 acre tract. They expressly stated that only two questions were raised: first, that the uncontradicted evidence showed that Barnsdall Oil Company had notice of the claim of the McGrede children; and, second, that if they were mistaken in said contention, then the finding of the jury that Barnsdall Oil Company purchased without notice was against the preponderance of the evidence. In supplemental brief, replying to brief of Barnsdall Oil Company, they raised questions with reference to the rights of cotenants, all of which related to the judgment awarding the 84 acres to Barnsdall Oil Company. It is not necessary to notice the contentions of Barnsdall Oil Company, but they all pertained to the correctness of the judgment awarding the 84 acre tract.

The Houston Oil Company of Texas filed brief in the Court of Civil Appeals and designated itself "appellee." In its brief it did not present cross assignments of error, but presented propositions designated as follows: "Propositions upon which Hous-

ton Oil Company of Texas will rely for the reversal of this cause." In a preliminary statement is found the following: "The Houston Oil Company of Texas makes no complaint of the judgment as to the Barnsdall Oil Company, but merely against F. L. Luckel, G. E. Hubbard, R. E. Hubbard and W. W. Lechner, appellants."

In argument filed in this Court the Houston Oil Company says:

"The cross assignments of error of Houston Oil Company, designated in its brief as assignments of error, all complained of the ruling of the trial court in excluding evidence having for its purpose proof that the 220 acre tract was, to the extent of 5/6ths at least, the separate property of J. G. McGrede.

"It was asserted by those propositions that had the respective items of evidence been admitted, it would have raised that issue which was otherwise not in the record that was permitted to go to the jury; and, further, that such evidence would have justified the jury in answering question No. 2 submitted to them that an inquiry, had it been made by Houston Oil Company of the McGrede children, before paying for its assignment, would have disclosed that they jointly claimed no more than an undivided 1/6th interest in the 220 acres."

The appellants Luckel and G. E. Hubbard by the judgment in the trial court obtained the full relief prayed for as to the 25 acres, except alternative relief. In the Court of Civil Appeals they made no complaint whatever concerning the judgment as to the 25 acre tract.

The Court of Civil Appeals declined to consider propositions of the Houston Oil Company of Texas, because it had not prosecuted an appeal, by filing bond, from that part of the judgment affecting the 25 acre tract in which it claimed the mineral estate. The court proceeded to dispose of the appeal as touching the 84 acres, as shown by its opinion in 74 S. W. (2d) 127. Appellee Barnsdall Oil Company prosecuted writ of error to the Supreme Court from that judgment, which writ was granted. Houston Oil Company of Texas also made application for writ of error, which was granted because of the granting of the writ in the Barnsdall Oil Company cause. Since the cause was docketed here, Luckel and others, defendants in error, and Barnsdall Oil Company, plaintiff in error, have settled all matters in controversy between them, and judgment has been entered in that portion of the cause. This leaves for consideration here only the action of the Court of Civil Appeals in declining to consider

the propositions of the Houston Oil Company of Texas filed in that court.

It seems to be true that if an appealing party desires to limit his appeal, he should clearly and distinctly indicate such intention. Slaughter v. Texas Life Ins. Co., 211 S. W. 350. However, from the foregoing statement it appears to us obvious that appellants Luckel and others purposely, and in the most direct and precise manner, limited their appeal to the judgment affecting the 84 acres. They did not intend to appeal from that part of the judgment affecting the 25 acre tract. The causes of action and facts were such that undoubtedly a divisible judgment could be entered, and was entered. It is obvious that the judgment in favor of Barnsdall Oil Company could on appeal be either affirmed or reversed without affecting the rights of the Houston Oil Company of Texas. This appears to be admitted from the statement made in the brief of the Houston Oil Company of Texas that it made no complaint of the judgment as to the Barnsdall Oil Company. It is clear that any of the parties could appeal only from such part of the judgment as was adverse to them, and permit the remainder of the judgment to remain undisturbed.

We think it likewise obvious that the Houston Oil Company of Texas was attempting to have the Court of Civil Appeals revise the judgment of the trial court affecting its 25 acre tract, rather than merely urge counter propositions by cross assignments in the appeal affecting the 84 acres. This it manifestly could not do without prosecuting an appeal from that part of the judgment. The following cases are by analogy in point: Anderson v. Silliman, 92 Texas 560, 50 S. W. 576; Lauchheimer v. Coop, 99 Texas 386, 89 S. W. 1061, 90 S. W. 1098; Sullivan v. Doyle, 108 Texas 368, 194 S. W. 136; Traders Natl. Bank v. Price, 228 S. W. 160; Larson v. Middleton, 19 S. W. (2d) 120.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 3, 1937.

Rehearing overruled January 12, 1938.