## ABDOU et al. v. SUNNY STATE DISTRIBUTING CO.
### No. 4656.

Court of Civil Appeals of Texas. El Paso.
June 29, 1949.

342

Potash & Cameron, H. L. McCune, Sr., El Paso, for appellants.

Isaacks & Galatzan, Gowan Jones, El Paso, for appellee.

McGILL, Justice.

Appellee was plaintiff in the trial court and appellants were defendants. For convenience the parties will be so designated here.

Plaintiff is a corporation, organized under the laws of the state of New Mexico; defendants operate a public cold storage warehouse in the city of El Paso, Texas, under the name of Abdou Produce & Cold Storage Company. Plaintiff was incorporated May 31, 1946. It is engaged in the business of distributing frozen foods in New Mexico and in Texas. In November 1945 the owners of this business, who were then doing business under the name of Sunny State Distributing Company, stored with defendants certain frozen foods, and in June and July 1946 plaintiff stored with defendant certain frozen fruits, vegetables and produce for preservation and storage, in consideration of stipulated payments for such service. In February, 1947, plaintiff discovered that the produce had been permitted to thaw and some of it was spoiled and unfit for human consumption. Plaintiff immediately notified defendants of the condition of the produce. Some of the produce was subsequently sold, and some of it was condemned and dumped. Plaintiff paid the stipulated storage charges until August 1, 1947, and then refused to make further payments. It brought this suit to recover the damages which it claimed to have suffered by reason of defendants' breach of its alleged contract to keep the temperature in the room where the produce was stored at no higher than 0° Fahrenheit, alleging that said breach of its agreement and understanding with defendants was the cause of the damage. In the alternative it alleged various acts and omissions of defendants as constituting negligence proximately causing said damage. The defendants answered by general denial and affirmatively alleged that if any of the produce had spoiled it was due to plaintiff's negligence in keeping such produce in storage for an unreasonable length of time; that there was a custom among the cold storage operators not to keep such produce in storage more than three to four months,

and never longer than from one season to another; also that the produce was not fresh, and was in a defective condition when stored, which resulted in its spoilation. Defendants filed a cross-action against plaintiff by which they sought to recover the unpaid storage charges alleged to be due them under their contract with plaintiff. Trial was to a jury.

After both sides had closed, defendants moved the court to dismiss plaintiff's case because it had not been shown that plaintiff, a foreign corporation, was authorized to transact business in Texas, whereupon, at plaintiff's request, the court reopened the case and plaintiff introduced a permit dated December 30, 1946, authorizing it to do business in Texas. Defendants then moved the court to instruct the jury to return a verdict in their favor on plaintiff's cause of action. Paragraph 4 of such motion is as follows: "Because under all the evidence there is no evidence upon which a judgment can be entered. It has not been shown whether the damage occurred before or after December 30, 1946."

Thereupon, the court instructed the jury to return a verdict for the defendants on plaintiff's cause of action, and for the plaintiff on defendants' cross-action, which was accordingly done on February 17, 1949. Thereafter, on February 21, 1949, plaintiff filed its motion for judgment non obstante veredicto and to dismiss its cause of action. This motion was set down for hearing on February 24, 1949. On this date defendant filed a motion asking the court to set aside the verdict rendered in favor of plaintiff against defendants on their cross-action. These motions were heard at the same time, and on February 24, 1949, the court sustained plaintiff's motion, set aside the verdict which had been directed against it and rendered judgment by dismissing its cause of action without prejudice. Defendants excepted to this action of the court. The court also sustained defendants' motion to set aside the verdict directed against them on their cross-action, set aside such verdict and rendered judgment that defendants' cross-action be dismissed without prejudice, plaintiff excepting to this action of the court. On February 25, 1949, defend-ants filed a motion to set aside the judgment rendered on plaintiff's motion non obstante veredicto and to enter judgment on the verdict returned under instructions of the court, and in the alternative to grant them a new trial. On the same day, February 25, 1949, plaintiff filed a motion to set aside the judgment rendered on February 24, 1949, on defendants' cross-action, and to enter judgment on the verdict on defendants' cross-action. Both of these motions were overruled on February 25, 1949. Defendants excepted to the action of the court in overruling their motion and gave notice of appeal; plaintiff excepted to the court's action in overruling its motion and gave notice of appeal. The defendants alone perfected the appeal by filing their appeal bond.

It is appellant's contention, supported by various points and propositions, that after plaintiff reopened the case and showed its authority to transact business in Texas, it was error for the court to dismiss plaintiff's suit without prejudice, since the evidence showed that some of the damage for which plaintiff sought to recover was caused after December 30, 1946, the date when plaintiff was authorized to transact business in Texas, and plaintiff was therefore properly in court insofar as this damage was concerned, and since it failed to establish the amount of such damage or a proper measure of damage, the only proper action the court could have taken was to have directed a verdict against plaintiff and judgment on such verdict should have been entered. We are not in accord with this contention. Art. 1529, Vernon's Ann. Civ.St. requires a foreign corporation desiring to transact business in this State to file a certified copy of its articles of incorporation with the Secretary of State of this State, and to procure from the Secretary of State a permit to transact such business, and art. 1536, V. A. C. S. denies to any such corporation the right to maintain any suit in any court of this State; "whether arising out of contract or tort, unless at the time such contract was made or tort committed" such corporation had so filed its articles of incorporation. It is well settled that the proper judgment in a suit filed by

such corporation without compliance with the Statute is a dismissal without prejudice. S. R. Smythe Co. v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S.W. 1157; Normandie Oil Corp. v. Oil Trading Co., 139 Tex. 402, 163 S.W.2d 179.

By the express terms of Article 1536, a suit by such corporation cannot be maintained in any court of this state unless the certificate was filed when the tort for which recovery is sought was committed. By paragraph 4 of their motion for an instructed verdict above quoted, defendants concede that it is not shown by the evidence that any damage to the produce occurred after December 30, 1946, when plaintiff was first authorized to transact business in the State. In other words, defendants concede that plaintiff did not show that it had complied with the Statute when the tort for which it sought to recover was committed. We think the evidence supports this statement in defendants' motion, but whether or not it does so, defendants are bound by their motion, and on this ground the court entered the only proper judgment on the plaintiff's cause of action. Under the Statute and the above authorities we think it clear that as a pre-requisite to the maintenance of its suit it was incumbent upon plaintiff to show that it had complied with the statute when the tort for which it sought to recover was committed after it had complied with the statute. This, under paragraph 4 of defendants' motion, plaintiff failed to do. We overrule appellants' points.

Appellee has cross-assigned error in the action of the court in dismissing defendants' cross-action without prejudice, and in refusing to dismiss such cross-action with prejudice. We have concluded that we cannot consider these cross-assignments. The appeal bond filed by defendants recites as follows:

"Whereas in the above styled and numbered cause pending in the 41st District Court of El Paso County, Texas, and at a regular term of said court, to-wit, on the 24 day of February, 1949, the said plaintiff Sunny State Distributing Company, a corporation, recovered judgment on a motion non obstante veredicto to dismiss its case without prejudice, after the jury had returned a verdict for Defendants upon instructions of the court, together with costs as provided in said judgment of dismissal; and

"Whereas on the same day Defendants filed a motion to reinstate the judgment rendered on the instructed verdict, and in lieu thereof a motion for a new trial, which motion was overruled, and Defendants excepted and gave notice of appeal to the Court of Civil Appeals in and for the Eighth Supreme Judicial District of Texas at El Paso, Texas, and from said order and judgment Defendants have taken an appeal to the Court of Civil Appeals in and for the Eighth Supreme Judicial District of Texas, at El Paso, Texas."

It is quite clear that defendants did not appeal from that portion of the judgment which dismissed their cross-action without prejudice, but that they appealed only from that portion of the judgment which dismissed plaintiff's cause of action without prejudice. The applicable rule is thus stated in Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427, loc. cit. 430; "It has been held in a number of cases, of which Barnsdall Oil Co. v. Hubbard, 130 Tex. 476, 109 S.W.2d 960, is typical, that, if a judgment is severable, the appellant may appeal from a part only thereof, and when that is done the appellee will not be heard to complain of any matters falling wholly within the portion of the judgment not brought up for review by appellants."

There is no question but that the judgment is severable and that the portion thereof from which appellants appeal is not so related to or connected with the remaining portion of the judgment that any action with reference thereto on this appeal can in any way affect that portion of the judgment from which no appeal was taken. We therefore decline to consider appellee's cross-assignments.

The judgment of the trial court is in all things affirmed.