Bernice SMITH, Appellant,

v.

**TEXAS IMPROVEMENT COMPANY,**
Appellee.

No. 19554.

Court of Civil Appeals of Texas,
Dallas.

July 14, 1978.

Sonja Staron, Dallas, for appellant.

Jay M. Goltz, Dallas, for appellee.

AKIN, Justice.

Bernice Smith sued the Texas Improvement Company (TIC) in the county court at law for damages resulting from alleged breaches of warranty and deceptive trade practices in connection with the sale of an air conditioning unit. In her original petition, Smith did not claim a specific amount of damages; however, in her first amended petition, she claimed damages totaling $5,000.55, which exceeds by fifty-five cents the jurisdictional limit of the county court at law, but prayed for judgment "in the amount of $5,000." A later supplemental petition prayed for judgment "in the amount not to exceed $5,000." Upon trial to a jury, a verdict was returned in the sum of $3,840 in damages, together with $2,000 in attorney's fees. Prior to trial, TIC had filed a plea in abatement alleging that the court lacked jurisdiction because the $5,000.55 claimed in the body of Smith's first amended petition exceeded the jurisdictional limits of the county court at law. After verdict, TIC filed a motion for judgment n. o. v. alleging, among other things, that there was no evidence to support the jury's award of damages. The trial court sustained both the plea in abatement and the motion for judgment n. o. v. and rendered judgment that plaintiff take nothing. Smith has filed a "limitation of appeal" pursuant to Rule 353 of the Texas Rules of Civil Procedure in an attempt to limit her appeal to the jurisdictional question. We conclude that this limitation is ineffective, and that even though the trial court erred in concluding that it lacked jurisdiction of the case by virtue of the excessive claim in Smith's petition, the motion for judgment

n. o. v. was properly sustained. Accordingly, we affirm.

### Limitation of Appeal

Before reaching the merits of this case, we must first consider whether the "limitation of appeal" filed by Smith was effective to narrow the scope of this court's appellate review solely to the jurisdictional question. If the limitation is proper, the sole question here is whether the court erred in deciding it lacked jurisdiction, and TIC is precluded from urging affirmance on the basis of the motion for judgment n. o. v. We conclude, however, that Rule 353, which authorizes limitation of the scope of an appeal in certain situations, does not contemplate the type of limitation attempted here. By its terms, Rule 353 only allows limitation with respect to a "severable" portion of a judgment. In the present case, the question of jurisdiction is not "severable" from the ruling on the motion for judgment n. o. v. because each ruling, standing alone, disposes of the entire case, and, as such, they are *alternative*, rather than "severable" rulings. An appeal cannot be limited where the issue from which the appeal is taken necessarily calls the entire controversy into question. *See Evans v. De Spain*, 37 S.W.2d 231 (Tex.Civ.App.—Austin 1931, no writ) (owner could not limit appeal to adverse money judgment without bringing up for review part of judgment which ousted lessee); *cf. Barnsdahl Oil Co. v. Hubbard*, 130 Tex. 476, 109 S.W.2d 960 (1937) (in suit to quiet title to several tracts of land, limitation of appeal to issues relating to a single tract held proper). We hold, therefore, that Smith's attempted limitation of this appeal to the jurisdictional issue is ineffective, and that the entire case is before us for review.

### Jurisdiction of the Trial Court

In its plea in abatement, TIC contended that the trial court lacked jurisdiction because in the body of her first amended petition, Smith claimed damages in excess of the $5,000 jurisdictional limit of the county court at law. The trial court sus-

tained this plea and rendered a take-nothing judgment against Smith. We disagree with the trial court's ruling in this respect.[1] Smith's *original* petition did not pray for damages in excess of the jurisdictional amount; indeed, the original petition did not specify *any* particular amount of damages, but simply sought the "full contract price" of the defective unit, together with costs and attorney's fees.[2] Presumably, the full contract price of the unit and attorney's fees was less than five thousand dollars, the jurisdictional limit of the county court at law. This is true because we must presume in favor of jurisdiction unless lack of jurisdiction affirmatively appears on the face of the petition. *Groves v. First National Bank*, 77 Tex. 555, 14 S.W. 163 (1890); *Hannon v. Henson*, 15 S.W.2d 579 (Tex.Comm. App.—1929, jdgmt. adopted). Jurisdiction, of course, is determined by the amount in controversy at the time the original pleading is filed. *Guerra v. Weatherly*, 291 S.W.2d 493 (Tex.Civ.App.—Waco 1956, no writ); *Hudson v. Norwood*, 147 S.W.2d 826 (Tex.Civ.App.—Eastland 1941, writ dism'd, jdgmt. corr.). Once jurisdiction attaches, it cannot be defeated by any subsequent fact or event. *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368, 371 (1962); *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762, 763 (1924); *Cook v. Jaynes*, 366 S.W.2d 646, 647 (Tex.Civ.App.—Dallas 1963, no writ). As the *Isbell* case first held, the fact that an amended petition alleges damages in excess of the jurisdictional limits of the county court does not deprive that court of the jurisdiction it properly acquired when the original petition was filed. Accordingly, we hold that the county court erred in sustaining the plea in abatement challenging its jurisdiction over the present case.

*The Motion for Judgment N. O. V.*

Since we have held that the trial court had jurisdiction over this case, it follows that the court had authority to rule on the motion for judgment n. o. v.[3] One of the grounds asserted in the motion for judgment n. o. v. was Smith's failure to prove the amount of her damages. Since the trial court sustained the motion for judgment n. o. v. without limitation to any particular ground, we presume that each of the grounds specified in the motion is an independent, alternative basis for the court's take-nothing judgment. *Cf. McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964); *McAx Sign Co., Inc. v. Royal Coach, Inc.*, 547 S.W.2d 368, 369 (Tex.Civ.App.—Dallas 1977, no writ) (motion for instructed verdict). No statement of facts has been filed, and in the absence of statement of facts, we must presume that the evidence adduced at trial supports the trial court's judgment. *Burson v. Montgomery*, 386 S.W.2d 817 (Tex.Civ.App.—Houston 1965, no writ); *Dyche v. Simmons*, 264 S.W.2d 208 (Tex.Civ. App.—Fort Worth 1954, writ ref'd n. r. e.). Although we have found no authority on point, we hold that a corollary to the presumption of evidence in the absence of a statement of facts is a presumption that the statement of facts, if present here, would show the absence of evidence of plaintiff's damages. Such a presumption is in accord with the principle that on appeal all presumptions will be indulged in favor of the trial court's judgment. *See McElyea v. Parker*, 125 Tex. 225, 81 S.W.2d 649 (1935); *Fenton v. Wade*, 303 S.W.2d 816 (Tex.Civ. App.—Fort Worth 1957, writ ref'd n. r. e.) (rulings of the trial court are presumptively correct unless error is shown by the record).

Affirmed.

GUITTARD, C. J., not participating.

---

1. We must address this jurisdictional question because if the trial court had no jurisdiction, it had no authority to rule on the motion for judgment n. o. v. which, as we shall discuss later, forms the basis of our affirmance here.

2. The "excessive" claim only appeared in the amended and supplemental petitions.

3. If the trial court lacked jurisdiction, the ruling on the motion for judgment n. o. v. would be a nullity because when a court lacks jurisdiction, the only valid order it may render is one of dismissal. *Berger v. Berger*, 497 S.W.2d 453 (Tex.Civ.App.—El Paso 1973, no writ); *City of Beaumont v. West*, 484 S.W.2d 789 (Tex.Civ. App.—Beaumont 1972, writ ref'd n. r. e.).