SYVER, Plaintiff and Respondent, v. HAHN and another, Defendants and Appellants: LINGOTT, Defendant and Appellant.*

*December 4, 1958—January 2, 1959.*

* Motion for rehearing denied, with $25 costs, on March 3, 1959.

156

For the appellants there were briefs by *Rieser, Mathys, McNamara & Stafford* of Madison, for Carol Lingott, joined in by *Whyte, Hirschboeck, Minahan, Harding & Harland* of Milwaukee, for Soon K. Hahn and Susan Hahn, and oral argument by *Robert W. Smith* of Madison, and by *Edward D. Cleveland* of Milwaukee.

For the respondent there was a brief by *J. Arthur Moran* and *R. G. Richardson, Jr.,* both of Delavan, and oral argument by *Mr. Richardson.*

MARTIN, C. J.    The county court and circuit court of Walworth county have concurrent jurisdiction of the subject matter involved. In *State ex rel. White v. District Court* (1952), 262 Wis. 139, 143, 54 N. W. (2d) 189, this court held:

"In a case in which two courts are given concurrent jurisdiction over a particular subject matter, and one of such courts has assumed jurisdiction, it is reversible error for the other to also assume jurisdiction. *Kusick v. Kusick* (1943), 243 Wis. 135, 9 N. W. (2d) 607; and *Cawker v. Dreutzer* (1928), 197 Wis. 98, 129, 221 N. W. 401."

Respondent maintains he had the right to determination of the validity and amount of the second mortgage, issues which were separate and distinct from the issues in the first-mort-

gage proceedings and which were neither raised nor considered in the prior action.

The judgment of foreclosure in the county court adjudged:

"3. That there is due by reason of a second mortgage to Jessie W. Armstrong, the sum of Thirty-four Thousand ($34,000) dollars upon the principal of said second mortgage, together with interest."

Thus it appears that the validity and amount of the second mortgage were determined in the county court judgment. Even if those issues were not determined by the judgment, they were matters which the county court would decide after a sale if and when it appeared that there was a surplus. Sec. 278.095 (4), Stats.; *Kienbaum v. Haberny* (1956), 273 Wis. 413, 78 N. W. (2d) 888.

Further, in paragraph 13 of the county court judgment—

"It is further ordered and adjudged, that the defendants and each of them, their heirs, successors, and assigns, and all persons claiming under them or either of them, after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises, except the right to redeem the same before sale as provided by law."

No appeal was taken, nor a review asked, from this portion of the county court judgment. Thus it is *res adjudicata* in the matter. Syver's rights, as second-mortgage holder, are foreclosed and restricted to the right to redeem before sale; and if he is to realize anything on his second mortgage, it will depend upon the existence of a surplus after sale under the county court judgment.

The basic rule is expressed in 21 C. J. S., Courts, p. 745, sec. 492, as follows:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first

acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests on comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most-calamitous results."

The exception thereafter noted does not apply here. This is not a case where the county court lacks jurisdiction in the matter or its jurisdiction has terminated or is inadequate to afford the necessary relief. The county court's jurisdiction in foreclosure matters is equal to that of the circuit court; it is adequate to afford relief to all parties in interest; and the county court's jurisdiction had not terminated when Syver commenced his circuit court action. At that time Mrs. Lingott's appeal from the county court order denying her petition for subrogation was pending.

Moreover, a mortgage-foreclosure action is a quasi proceeding *in rem*, where—

". . . the judgment deals with the status, ownership, or liability of particular property and operates only as between the particular parties to the proceedings. Proceedings of this character, lying between the extremes of strictly *in rem* proceedings and those that are strictly *in personam*, are so characterized because judgments in them affect not only the title to the res, but likewise, rights in and to it possessed by individuals. The essential elements of an action quasi *in rem* are a res located within the territorial limits of the state in such a way that the state can, if it sees fit to do so, exercise absolute power to control and dispose of it, and a course of judicial procedure, the object and result of which are to subject the res to the power of the state directly by the judgment or decree which is entered, and which is, on its face, directed specifically toward the res so as to disclose this res to the defendant when reasonably notified of the action." 1 Am. Jur., Actions, p. 437, sec. 46.

In such a case the property, as well as the parties, is under the jurisdiction of the court. Whether or not the parties by their appearance in the circuit court could confer jurisdiction on that court, the property was still under the control and jurisdiction of the county court.

Syver maintains that no action taken in the circuit court proceedings has in any way violated the rights of Mrs. Lingott, as holder of the first-mortgage foreclosure judgment. He points out that under the second-mortgage foreclosure judgment his rights are subject to the rights of Mrs. Lingott arising out of her subrogation to the first-mortgage judgment. He cites a number of cases to the proposition that a second-mortgage holder has a right to foreclosure and sale under his mortgage, subject to prior liens and incumbrances. The cases are not in point. In none of them was there an action involving the same parties and property pending in another court of competent jurisdiction; in none of them was there an existing judgment foreclosing the second-mortgage holder.

Syver concedes that Mrs. Lingott's lien is paramount and that her rights as holder of the county court foreclosure judgment include the right to a deficiency judgment, the right to sell fee title to the premises, and the right to select the time for sale. Mrs. Lingott is not only holder of the county court judgment but is a junior lien holder. She purchased the rights of the first mortgagee under the county court judgment in order to protect her interests as a junior lien holder.

Syver's action, in instituting the proceedings for foreclosure of the second mortgage in the circuit court, created a situation which depressed the market value of the mortgaged premises, putting the title to the premises in such a state of confusion as to discourage other bidders. Such a situation could make it impossible for Mrs. Lingott to secure a pur-

chaser at a price which would cover her judgment lien. Even if she were not a judgment creditor, such a situation could well have the effect of influencing bidding in the county court foreclosure sale to the disadvantage of Mrs. Lingott as holder of that judgment. The resulting confusion here is one of the reasons for the rule, as quoted from C. J. S. above, that where jurisdiction has been acquired by one court, no court of concurrent jurisdiction should interfere, any other rule inevitably leading to "perpetual collision" and "most calamitous results."

We are not primarily concerned with the relief requested by the appellants. Our principal concern is to avoid confusion and establish as a matter of policy that in cases of this nature, when one court has complete jurisdiction, other courts will not assume jurisdiction of any of the matters that can be litigated in the court where the action is pending.

The rule is essential to the proper and orderly administration of the laws. 14 Am. Jur., Courts, p. 436, sec. 243. The circuit court should have observed this principle, and its assumption of jurisdiction under the circumstances here constituted reversible error under the rule stated in *State ex rel. White v. District Court, supra.*

*By the Court.*—Order reversed, and cause remanded with directions to vacate the proceedings had herein. The parties to pay their own costs in this court; appellants to pay clerk's fees.